SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SEONG KIM, Cal. Bar No. 166604
SHKim@sheppardmullin.com
1901 Avenue of the Stars. Suite 1600
Los Angeles, California 90067
Telephone:  310.228.3700
Facsimile:   310.228.3701

MARTIN R. BADER, Cal. Bar No. 222865
mbader@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone:  858.720.8900
Facsimile:   858.509.3691

Attorneys for Defendant and
Counterclaimant Forever 21, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONGAB CORPORATION,<br><br>            Plaintiff,<br><br>    v.<br><br>FOREVER 21, INC. and DOES 1-10,<br><br>            Defendants.<br><br>FOREVER 21, INC.<br><br>            Counterclaimant,<br><br>    v.<br><br>WONGAB CORPORATION,<br><br>            Counterclaim-<br>            Defendant. | CASE NO. 16CV5194 TJH (SS)<br><br>**FOREVER 21, INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Assigned to the Hon. Terry J. Hatter<br>Complaint filed: July 14, 2016<br>Pretrial Conference: None Set<br>Trial Date: None Set |

Defendant Forever 21, Inc. ("Forever 21"), by and through its undersigned counsel, hereby files, its answer, affirmative defenses, and counterclaim to the Complaint of Plaintiff Wongab Corporation ("Wongab" or "Plaintiff") in the above titled action, filed on July 14, 2016.  A jury trial is demanded for all claims so triable.

## ANSWER

To the extent not expressly admitted below, Forever 21 denies each and every allegation in the Complaint, including but not limited to implied allegations and that Wongab is entitled to any relief and any monetary recovery in any amount.

Forever 21 denies the allegation in the first unnumbered paragraph under Complaint's "**INTRODUCTION**" Section that it has imported, purchased, and sold without permission products bearing one of Plaintiff's proprietary textile designs. Forever 21 lacks sufficient knowledge or information to admit or deny the remaining allegations in that first unnumbered paragraph, and therefore denies each and every remaining allegation.

Forever 21 denies the allegation in the second unnumbered paragraph under Complaint's "**INTRODUCTION**" Section that it has infringed U.S. Patent No. 8,448,476 ("the '476 patent").  Forever 21 lacks sufficient knowledge or information to admit or deny the remaining allegations in that second unnumbered paragraph, and therefore denies each and every remaining allegation.

## JURISDICTION AND VENUE

1.  Forever 21 admits that the Complaint purports to state a cause of action arising under the copyright laws and the patent laws of the United States.  Forever 21 denies all remaining allegations in paragraph 1.

2.  The allegations in paragraph 2 are legal conclusions for which no admission or denial is required.

3.  Forever 21 admits that is has regularly conducted business in this judicial district.  Forever 21 denies the acts complained of by Plaintiff (i.e.,

1  copyright and patent infringement) occurred and, therefore, that they occurred in
2  this judicial district or anywhere else.  The remaining allegations in paragraph 3 are
3  legal conclusions for which no admission or denial is required.  Forever 21 denies
4  that it committed any acts and omissions giving rise to the copyright and patent
5  infringement claims alleged in the Complaint.  To the extent not expressly admitted,
6  Forever 21 denies all allegations in paragraph 3.

## PARTIES

8      4.    Forever 21 lacks sufficient knowledge or information to admit or deny,
9  and therefore denies each and every allegation in paragraph 4.

10      5.    Forever 21 admits the allegations in paragraph 5.

11      6.    Forever 21 lacks sufficient knowledge or information to admit or deny,
12  and therefore denies each and every allegation in paragraph 6.

13      7.    Forever 21 lacks sufficient knowledge or information to admit or deny,
14  and therefore denies each and every allegation in paragraph 7 concerning the DOE
15  Defendants and denies that Forever 21 participated or ratified or adopted the alleged
16  acts or conduct and that Forever 21 had knowledge of alleged violations of
17  Plaintiff's alleged rights or alleged damages.  To the extent not expressly admitted,
18  Forever 21 denies all allegations in paragraph 7, including those allegations about
19  Forever 21.

## WONGAB'S CLAIMS RELATED TO DESIGNS PCM-2299

21      8.    Forever 21 lacks sufficient knowledge or information to admit or deny,
22  and therefore denies each and every allegation in paragraph 8.

23      9.    Forever 21 lacks sufficient knowledge or information to admit or deny,
24  and therefore denies each and every allegation in paragraph 9.

25      10.    Forever 21 admits that it sold garments under SKU 00076730021 and
26  bearing the label "FOREVER 21."  Forever 21 denies all other allegations in
27  paragraph 10.

28      11.    Forever 21 denies each and every allegation in paragraph 11.

## WONGAB'S CLAIMS RELATED TO U.S. PATENT NO. 8,448,476

12. Forever 21 admits that U.S. Patent No. 8,448,476 ("the '476 patent") purports on its face to be titled "Warp Knitting Fabric Having Ground Organization Expressing Various Design Patterns," and recites on its face an issue date of May 28, 2013 and that the inventor is Il-Soo Lee. Forever 21 admits that Exhibit A of the Complaint purports to be a copy of the '476 patent. Forever 21 denies all other allegations in paragraph 12.

13. Forever 21 lacks sufficient knowledge or information to admit or deny, and therefore denies each and every allegation in paragraph 13.

14. Forever 21 admits that the '476 patent purports to relate to "warp knitting fabrics having a ground organization and a pattern organization formed by a Raschel machine that is a kind of warp knitting machine, and more specifically, to warp knitting fabrics having a ground organization expressing various design patterns" and Fig. 6 appears to have been reproduced from the front page of the patent. Forever 21 denies all other allegations in paragraph 14.

15. Forever 21 denies each and every allegation in paragraph 15.

16. Forever 21 denies each and every allegation in paragraph 16.

## WONGAB'S FIRST CLAIM FOR RELIEF

17. Forever 21 repeats its responses to all preceding paragraphs.

18. Forever 21 denies each and every allegation in paragraph 18.

19. Forever 21 admits that it is a garment vendor. Forever 21 denies all other allegations in paragraph 19 on the grounds that it did not engage in the alleged conduct and that it lacks sufficient knowledge or information concerning the DOE Defendants.

20. Forever 21 denies each and every allegation in paragraph 20.

21. Forever 21 denies each and every allegation in paragraph 21, including but not limited to that Forever 21 engaged in any acts of infringement and that Wongab suffered any damages or is entitled to any relief.

1    22.    Forever 21 denies each and every allegation in paragraph 22, including but not limited to that Forever 21 engaged in any acts of infringement and that Wongab suffered any damages or is entitled to any relief.

4    23.    Forever 21 denies each and every allegation in paragraph 23, including but not limited to that Forever 21 engaged in any acts of infringement and that Wongab is entitled to any relief.

7    24.    Forever 21 denies each and every allegation in paragraph 23, including but not limited to that Forever 21 engaged in any acts of infringement and that Wongab is entitled to any relief.

### WONGAB'S SECOND CLAIM FOR RELIEF

11    25.    Forever 21 repeats its responses to all preceding paragraphs.

12    26.    Forever 21 denies each and every allegation in paragraph 26.

13    27.    Forever 21 denies each and every allegation in paragraph 27.

14    28.    Forever 21 denies each and every allegation in paragraph 28, including but not limited to that Forever 21 engaged in any acts of infringement and that Wongab suffered any damages or is entitled to any relief.

17    29.    Forever 21 denies each and every allegation in paragraph 29, including but not limited to that Forever 21 engaged in any acts of infringement and that Wongab is entitled to any relief.

20    30.    Forever 21 denies each and every allegation in paragraph 30, including but not limited to that Forever 21 engaged in any acts of infringement and that Wongab is entitled to any relief.

### WONGAB'S THIRD CLAIM FOR RELIEF

24    31.    Forever 21 repeats its responses to all preceding paragraphs.

25    32.    Forever 21 denies each and every allegation in paragraph 32.

26    33.    Forever 21 denies each and every allegation in paragraph 33, including but not limited to that Forever 21 engaged in any acts of infringement and that Wongab suffered any damages or is entitled to any relief.

# WONGAB'S PRAYER FOR RELIEF

Forever 21 denies that Wongab is entitled to any of the relief sought in a-l or any other relief whatsoever.

# AFFIRMATIVE DEFENSES

Certain of the "affirmative defenses" asserted below may actually not be affirmative defenses and instead may be the observation that one or more elements of Plaintiff's prima facie claims are absent.  By asserting them as affirmative defenses, Forever 21 does not intend to change any burdens of proof and Plaintiff must establish the elements of its prima facie claims regardless of the affirmative defenses that Forever 21 has asserted.

# AFFIRMATIVE DEFENSES TO WONGAB'S COPYRIGHT INFRINGEMENT CLAIMS

## FIRST AFFIRMATIVE DEFENSE

**Failure to State a Claim**

34. The Complaint fails to state a copyright claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

**No Copying**

35. Forever 21, either by itself or with others, did not copy constituent original elements, if any, of Wongab's purported copyrighted Subject Design.

## THIRD AFFIRMATIVE DEFENSE

**Independent Creation**

36. The Accused Product was independently created without the Subject Design.

## FOURTH AFFIRMATIVE DEFENSE

**Lack of Substantial Similarity**

37. There is a lack of substantial similarity between the Subject Design and the Accused Product.

## FIFTH AFFIRMATIVE DEFENSE

### Public Domain

38. The work that Wongab claims has been infringed is not entitled to copyright protection on the grounds that it is within the public domain and/or does not constitute copyrightable subject matter.

## SIXTH AFFIRMATIVE DEFENSE

### Merger

39. Wongab's claims are barred by the doctrine of merger.

## SEVENTH AFFIRMATIVE DEFENSE

### Scenes A Faire

40. Wongab's claims are barred by the doctrine of scenes a faire.

## EIGHTH AFFIRMATIVE DEFENSE

### Lack of Intent to Infringe

41. Forever 21 acted in good faith, has not infringed, and acted without any intent to infringe Wongab's purported copyrighted Subject Design.

## NINTH AFFIRMATIVE DEFENSE

### Fair Use

42. If there was any use (which Forever 21 denies) of the Subject Design, Forever 21's conduct constitutes fair use.

## TENTH AFFIRMATIVE DEFENSE

### Alleged Use De Minimis

43. Forever 21 denies copyright infringement and denies the Accused Product is substantially similar to the Subject Design but if there was any use (which Forever 21 denies) of the Subject Design, any alleged use of any protectable expression of ideas from the Subject Design is, at most, *de minimis* and therefore not actionable.

## ELEVENTH AFFIRMATIVE DEFENSE

### Unjust Enrichment

44. Wongab is barred from recovery in whole or in part because Wongab would be unjustly enriched if it is permitted to recover on the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

### Unclean Hands

45. This action is barred in whole or in part due to Wongab's unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

### License / Authorization

46. This action is barred in whole or in part due to Wongab's implied or express license and/or authorization to incorporate the work into the Accused Product.

## FOURTEENTH AFFIRMATIVE DEFENSE

### Acquiescence / Estoppel / Waiver

47. This action is barred in whole or in part due to Wongab's acquiescence, as well as the doctrines of estoppel and waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

### No Mitigation of Damages

48. Wongab has failed to mitigate damages, if any, allegedly sustained.

## SIXTEENTH AFFIRMATIVE DEFENSE

### Copyright Act

49. Forever 21 reserves the right to rely on any and all judicially recognized defenses under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq.*, and all amendments and revisions thereto, including that the purported copyrights are invalid, void or unenforceable or that there is a defect in the registration(s). Further investigation or discovery is likely to provide evidentiary support as follows: (a) the registrations for the purported copyrights contain material that are

not original and/or are not protectable as a matter of law; (b) the registrations for the purported copyrights contain materials originally developed by persons or entities other than Plaintiff and/or their assignee(s); (c) the registrations for the purported copyrights contain material in the public domain; and/or (d) the registrations for the purported copyrights pertain to designs consisting of common shapes.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### Misuse of Copyrights

50. Plaintiff has engaged in misuse of its purported copyrights by using them to assert inapplicable and frivolous non-copyright claims.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### Fraud on the Copyright Office

51. Plaintiff's claims are barred, in whole or part, by Plaintiffs' fraud on the Copyright Office.

### NINETEENTH AFFIRMATIVE DEFENSE
### Statute of Limitations

52. Plaintiff's claims are barred, in whole or part, by the applicable statutes of limitations.

### TWENTIETH AFFIRMATIVE DEFENSE
### Laches

53. Plaintiff's claims are barred, in whole or part, by laches.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### Lack of Standing

54. Plaintiff's claims are barred, in whole or part, because Plaintiff's lack standing to assert them.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### Failure to Join an Indispensable or Necessary Party

55. Plaintiff's claims are barred, in whole or in part, by Plaintiffs' failure to join an indispensable or necessary party.

-8- Case No. 16CV5194 TJH (SS)
ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### No Infringement

56. Plaintiff's claims are barred, in whole or part, by the fact that the Accused Product does not infringe the purported copyright referenced in the Complaint because, among other things, the purported copyright and/or elements thereof, are not original works of authorship, and there is no substantial similarity between the Accused Product and the Subject Design.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### Plaintiff's Alleged Damages Limited by Apportionment

57. Any alleged damages sought by Plaintiff in the form of Forever 21's profits are limited by the apportionment theory based on the percentage of profits attributable to the alleged infringing work, not the entirety of Forever's profit from the Accused Product.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### Unavailability of Statutory Damages and Attorneys' Fees

58. Plaintiff is not entitled to recovery any statutory damages or attorneys' fees to the extent (a) the alleged infringement began before registration of the alleged copyright if unpublished or (b) the alleged infringement began after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work. *See* 17 U.S.C. § 412.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### Abandonment

59. Forever 21 is informed and believes that Plaintiff's claims are barred because they abandoned their alleged copyrights by failing to take action to prevent copying of the Subject Design in the United States and abroad.

-9-   Case No. 16CV5194 TJH (SS)
ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### Reservation of Defenses

60. Forever 21 reserves all defenses under the Federal Rules of Civil Procedure, the copyright laws of the United States, and any other defenses, at law or equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## AFFIRMATIVE DEFENSES TO PATENT INFRINGEMENT CLAIMS
## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### Failure to State a Claim

61. The Complaint fails to state a patent infringement claim upon which relief can be granted.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### No Infringement

62. Forever 21 has not infringed and does not infringe any valid claims of the '476 patent, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents.

## THIRTIETH AFFIRMATIVE DEFENSE
### Invalidity

63. On information and belief, Forever 21 alleges that one or more claims of the '476 patent are invalid for failing to meet one or more of the requisite conditions or requirements for patentability specified by 35 U.S.C. §§ 101, 102, 103, 112, and 116.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### Waiver / Laches / Estoppel

64. On information and belief, Forever 21 alleges that Wongab's patent infringement claims are barred, in whole or in part, by doctrines of waiver, laches, and/or estoppel.

-10-  Case No. 16CV5194 TJH (SS)
ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### Lack of Standing

65. On information and belief, Forever 21 alleges that Wongab's patent infringement claims are barred because Wongab lacks standing to bring the present action.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
### Failure of the Notice and Marking Requirements

66. Upon information and belief, Wongab's claim for damages prior to providing Forever 21 with actual notice of patent infringement by filing the Complaint is barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
### Collateral Estoppel / Prosecution Disclaimer / Prosecution History Estoppel

67. Wongab is precluded under the doctrines of collateral estoppel, prosecution disclaimer, and/or prosecution history estoppel from construing the claims of the '476 patent to cover the Accused Product, and is further estopped from asserting infringement under the doctrine of equivalents.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE
### Reservation of Defenses

68. Forever 21 reserves all defenses under the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## AFFIRMATIVE DEFENSES TO ALL CLAIMS
## THIRTY-SIXTH AFFIRMATIVE DEFENSE
### Lack of Capacity to Maintain Lawsuit and Abatement

69. Plaintiff lacks capacity to maintain this lawsuit because, although according to its Complaint is does business within California, based on information and belief, it has not qualified to do so. *See* California Corporations Code §§ 2105

and § 2203(c). The action must be abated until Plaintiff qualifies to do business in California, including by paying any fees, penalties and taxes due as required by the State of California.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### Failure of the Requirements for Injunctive Relief

70. Wongab cannot satisfy the requirements applicable to its request for injunctive relief and has an adequate remedy at law.

### COUNTERCLAIM

By these Counterclaim and pursuant to Rules 12 and/or 13 of the Federal Rules of Civil Procedure, Defendant and Counterclaimant Forever 21 seeks declaratory relief against Counterclaim defendant Wongab and alleges as follows:

### THE PARTIES

71. Forever 21 is an entity organized and existing under the laws of the state of Delaware with its corporate headquarters in Los Angeles, California.

72. On information and belief, Wongab is a corporation organized and existing under the laws of Korea with its principal place of business located in Seoul, Korea.

### JURISDICTION AND VENUE

73. This Court has subject matter jurisdiction over these counterclaims under at least 28 U.S.C. §§ 1331, 1338(a), and 1367, and the Federal Declaratory Judgement Act, 28 U.S.C. § 2201 *et seq*.

74. This Court has personal jurisdiction over Wongab because, based on information and belief, it does business in California and because Wongab waived any challenge to personal jurisdiction by filing the Complaint here.

75. Venue is proper in this district. Not only does Wongab do business within the district, but also Wongab waived any challenge to venue by filing the Complaint in this district.

## COUNTERCLAIM FOR DECLARATORY RELIEF

76. Forever 21 repeats the allegations of the preceding paragraphs as if fully set forth herein.

77. Based on Wongab's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to whether: (a) the Subject Design is subject to copyright protection, (b) the copyright registrations related to the Subject Design are valid and/or enforceable, (c) the Accused Product infringes the Subject Design or any other purported copyright of Wongab's, (d) the Accused Product infringes any claims of the '476 patent, and (e) the '476 patent is valid or enforceable.

78. Forever 21 seeks a declaration from the Court that: (a) the Accused Product does not infringe any protectable expression from Wongab's purported copyrighted Subject Design or any other purported copyright of Wongab's; (b) to the extent there is any alleged copying of any protectable expression, such copying is *de minimis* and fair use and, thus, not actionable; (c) the Subject Design is not subject to copyright protection and any copyright registrations related to the Subject Design are invalid, void, and/or unenforceable, (d) the Accused Product does not infringe any valid claims of the '476 patent, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents, and (e) the claims of the '476 patent are invalid because they fail to comply with the provisions of the Patent Laws, 35 U.S.C. §§ 100 et seq., including Sections 101, 102, 103,112, and/or 116.

## FOREVER 21'S PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaimant Forever 21 prays that the Court issue a judgment that:

A. Wongab's Complaint be dismissed with prejudice and Wongab not recover any relief, including but not limited to statutory damages, trebled, enhanced, elevated or exemplary damages, Forever 21's profits or any accounting,

|    |    |    |
|----|----|----|
| 1  |    | attorney's fees and costs; injunctive relief, any pre-judgment or post- |
| 2  |    | judgment interest; |
| 3  | B. | Declares that: (a) the Accused Product does not infringe any protectable |
| 4  |    | expression from Wongab's purported copyrighted Subject Design or any |
| 5  |    | other purported copyright of Wongab's; (b) to the extent there is any alleged |
| 6  |    | copying of any protectable expression, such copying is de minimis and fair |
| 7  |    | use and, thus, not actionable; (c) the Subject Design is not subject to |
| 8  |    | copyright protection and any copyright registrations related to the Subject |
| 9  |    | Design are invalid, void, and/or unenforceable, (d) the Accused Product does |
| 10 |    | not infringe any valid claims of the '476 patent, either directly, contributorily, |
| 11 |    | or by inducement, or either literally or under the doctrine of equivalents, and |
| 12 |    | (e) the claims of the '476 patent are invalid; |
| 13 | C. | Declares that this case is exceptional and awards Forever 21 its costs and |
| 14 |    | attorneys' fees under 35 U.S.C. § 285; |
| 15 | D. | Awards Forever 21 its costs and attorneys' fees under 17 U.S.C. § 505; |
| 16 | E. | Awards pre-judgment and post-judgment interest to Forever 21; and |
| 17 | F. | Awards Forever 21 such other and further relief as the Court may deem |
| 18 |    | proper. |

Date: August 30, 2016          Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: /s/ *Seong H. Kim*
SEONG H. KIM
MARTIN R. BADER
Attorneys for Defendant,
Forever 21, Inc.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38 (b), Defendant and Counterclaimant Forever 21, Inc. hereby demands a trial by jury on all issues so triable.

Date: August 30, 2016       Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: /s/ *Seong H. Kim*
SEONG H. KIM
MARTIN R. BADER
Attorneys for Defendant,
Forever 21, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 30, 2016, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile, and/or overnight delivery.

By  /s/ *Seong H. Kim*
       Seong H. Kim
       Attorney for Forever 21, Inc.