SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SEONG KIM, Cal. Bar No. 166604
SHKim@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone: 310.228.3700
Facsimile: 310.228.3701

MARTIN R. BADER, Cal. Bar No. 222865
mbader@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone: 858.720.8900
Facsimile: 858.509.3691

Attorneys for Defendant and Counterclaimant
FOREVER 21, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONGAB CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>FOREVER 21, INC,<br><br>    Defendant.<br><br>FOREVER 21, INC.,<br><br>    Counterclaimant,<br><br>    v.<br><br>WONGAB CORPORATION,<br><br>    Counterclaim-defendant. | Case No. 16-CV-5194 TJH (SS)<br><br><u>Discovery Document: Referred to Magistrate Judge Suzanne H. Segal</u><br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Assigned to the Hon. Terry J. Hatter<br>Complaint filed: July 14, 2016<br>Pretrial Conference: May 24, 2018<br>Trial Date: None Set |

1.  A.  <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.  <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Materials that may contain such information may include: price lists, sales information, customer information (including but not limited to lists), and supplier and/or manufacturer information,

-2-

Case No.: 16-CV-5194 TJH (SS)
SMRH:480935535                                                                                    PROTECTIVE ORDER

costs information, profit information (including but not limited invoices and reports (e.g., sales reports) and other documents reflecting such information), and personal or private information (e.g., home addresses, credit card information). Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    DEFINITIONS

    2.1    Action: United States District Court Central District of California Case No. 16-CV-5194 TJH (SS).

    2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    2.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

    2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL –ATTORNEYS' EYES ONLY:"

"**CONFIDENTIAL**" information is defined as: non-public Information (as defined above) concerning a person or entities' business operations, processes, and technical and developmental information within the scope of Rule 26(c)(1)(G) which is treated as confidential and/or the disclosure of which would contravene an obligation of confidentiality to a third party.

"**CONFIDENTIAL –ATTORNEYS' EYES ONLY**" information is defined as: Confidential Information (as defined above) that is more sensitive or strategic than Confidential Information, or proprietary and/or confidential business information that is extremely sensitive in nature, the disclosure of which is likely to significantly harm that person or entities' competitive position (e.g., purchase orders, inventory sales summaries, internal payment summary documents, invoices, customer lists, price lists, supplier and/or manufacturer information, costs information, profit information, technical information, such as designs or schematics).

The items listed above as examples of each type of confidentiality designation are intended as illustrative examples and should not be treated as an admission by either party that any particular document or information in that category necessarily warrants that designation.

2.15  <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL –ATTORNEYS' EYES ONLY" (hereinafter a "CONFIDENTIAL legend"), to each page that contains protected material according to its designation.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL - ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" depending on the designation. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" and "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action

and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

   (h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

   (i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may only disclose information or item designated "CONFIDENTIAL –ATTORNEYS' EYES ONLY" to individuals falling under 7.2(a), (c), (d), (e), (g), (i) and the Receiving Party's Counsel

  In addition, if any Receiving Party desires to give, show, make available or communicate documents or information designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY to any Expert (potential or disclosed), the Receiving Party must first identify in writing the Expert to whom the Receiving Party intends to give or disclose such documents or information to the attorneys for the Producing Party, who shall have ten (10) days from receipt of such notice to object to

disclosure to any of the proposed consultant/experts so identified, setting forth in writing the reason for the objection. Such identification shall include, at least: (1) the full name and professional address and/or affiliation of the proposed consultant/expert; and (2) a current curriculum vitae identifying, at least, all other present employments or consultancies of the expert and employments or consultancies for the previous four (4) years. The parties shall attempt to resolve any objections informally. In the event of a dispute regarding the objections, the procedure for obtaining a decision on the dispute from the Court is that set forth in Local Rule 37. Disclosure of CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS 'EYES ONLY documents and information to the consultant/ expert objected to shall not be made except by Order of the Court after the Court rules on the Local Rule 37 motion concerning the objections. The Producing Party objecting to the disclosure shall bear the burden of proving that the disclosure is inappropriate.

Nothing herein shall impose any restrictions on the use or disclosure by a Party of the Party's own information or information the Party received outside of discovery from the other Party in this Action.

Nothing in this Protective Order shall bar or otherwise restrict any Party's counsel of record from rendering advice to his or her client with respect to this Action and, in the course thereof, relying upon his or her examination of CONFIDENTIAL –ATTORNEYS' EYES ONLY designated Protected Material, provided that no disclosure of the substance of any such information shall be made except to persons permitted by this Order.

Each of the Parties and their Counsel undertakes to abide by and be bound by these provisions and to use due care to see that these provisions are known and adhered to by those under their supervision or control.

However, nothing herein shall be or give rise to any claimed waiver of the any attorney-client privilege or attorney work product protections and the Parties expressly reserve all such rights.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY". Such information produced by

Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1   When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.  The following is the Parties' agreement in that regard.

If a Producing Party inadvertently discloses to a Receiving Party information that is privileged or otherwise immune from discovery, said Producing Party shall promptly upon discovery of such disclosure so advise the Receiving Party in writing and request that the item or items of information be returned or destroyed, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity.

The Receiving Party will immediately return the item or items requested (including any copies thereof as well as any notes or other materials reflecting the content of any such item) and refrain from any use of such information.

The Receiving Party having returned such inadvertently produced item or items of information may, however, without asserting waiver because of inadvertent

production, seek by following the procedures set forth in Local Rule 37 production of any such documents in accordance with the Federal and Local Rules of Civil Procedure.

If any such material is inadvertently produced, the recipient of the document agrees that, upon request from the producing party, it will promptly return all copies of the document in its possession, delete any versions of the documents on any database it maintains, and make no use of the information contained in the document, provided, however, that the party returning such document shall thereafter have the right to apply to the Court by following the procedures set forth in Local Rule 37 for an order that such document was not protected (prior to the inadvertent disclosure) from disclosure by any privilege or doctrine and therefore the party claiming the protection shall maintain the returned documents should the Court order that they are not protected.

The Parties agree that inadvertent disclosure of information protected by any privilege in this litigation shall not constitute a waiver of any otherwise valid claim of privilege, and failure to assert a privilege in this litigation as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, even involving the same subject matter. The Parties agree that any inadvertent inclusion of any privileged or work product material in a production in this action shall not result in the waiver of any associated privilege or protective doctrine nor result in a subject matter waiver of any kind.

12. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. But, a modification decreasing the protections afforded by this Protective Order will not be made without a showing of good cause since designating parties will be relying on the protections of this Protective Order in producing Protected Material.

12.2   This Order shall be without prejudice to the right of a Party to present in accordance with the procedures set forth in Local Rule 37 a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

12.3   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Protective Order shall not abrogate or diminish any privilege or any contractual, statutory or other legal obligation or right of any party with respect to materials or information that is the subject of this Protective Order. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order shall affect or prejudice or enhance the rights any party has to seek discovery from another party, a party's right to object to requests for discovery (including on the ground that the request seeks information that is confidential) or a party's right to seek to compel the production of information by way of a Court order under the Federal Rules of Civil Procedure. Nothing in this Order, or the production of any information or document under the terms of this Order, or any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by any party or of altering the confidential nature or non-confidential nature of any such document or information. The disclosure of any information pursuant to the terms of this Protective Order is not intended to be and shall not be construed as a waiver of any right or a relinquishment of any confidentiality claim as to said information or as a waiver of any claim that the information disclosed is a trade secret or is proprietary. In the event that any information designated pursuant to the terms of this Protective Order

is used in any Court proceeding in this Action, it shall not lose its confidential status through such use, and the Party using such shall take reasonable steps to maintain its confidentiality during such use, including but not limited to by making applications to file under seal.

12.4 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or

constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD. DATED _

DATED: March 31, 2017

_____
Stephen M. Doniger
Scott A. Burroughs
Trevor W. Barrett
Doniger/Burroughs
Attorneys for Plaintiff and Counterclaim-Defendant
Wongab Corporation

DATED: March 31, 2017

_____
Seong H. Kim
Martin R. Bader
Sheppard, Mullin, Richter & Hampton LLP
Attorneys for Defendant and Counterclaimant
Forever 21, Inc.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED. DATED: _

DATED: March 31, 2017

_____/S/_____
Honorable Suzanne Segal
United States District/Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Wongab Corporation vs. Forever 21, Inc. and Forever 21, Inc. vs. Wongab Corporation,* United States District Court Central District of California Case No. 16-CV-5194 TJH (SS). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____