SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
SEONG KIM, Cal. Bar No. 166604
SHKim@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone: 310.228.3700
Facsimile: 310.228.3701

MARTIN R. BADER, Cal. Bar No. 222865
mbader@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone: 858.720.8900
Facsimile: 858.509.3691

Attorneys for Defendant and Counterclaimant
FOREVER 21, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WONGAB CORPORATION,

Plaintiff,

v.

,

Defendant.

---

FOREVER 21, INC.,

Counterclaimant,

v.

WONGAB CORPORATION,

Counterclaim-defendant.

Case No. 16-CV-5194 TJH (SS)

**FOREVER 21'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PATENT CLAIMS OR, ALTERNATIVELY, TO STRIKE WONGAB'S INFRINGEMENT CONTENTIONS**

Date: _JUNE 19, 2017 UNDER SUBMISSION
Time: UNDER SUBMISSION
Dept.: 9B

Assigned to the Hon. Terry J. Hatter
Complaint filed: July 14, 2016
Pretrial Conference: May 16, 2018
Trial Date: None Set

# TABLE OF CONTENTS

TABLE OF CONTENTS .......... i

TABLE OF AUTHORITIES .......... ii

I. INTRODUCTION .......... 1

II. BACKGROUND AND FACTS .......... 4

A. Wongab's Infringement Contentions Fail to Conform to the ND Patent Local Rules .......... 6

B. Wongab's Revised Contentions Fail to Conform to the ND Patent Local Rules .......... 9

III. ARGUMENT .......... 11

A. Failure to Comply with a Scheduling Order is Sanctionable .......... 11

B. The Patent Local Rules to which Wongab Stipulated to Follow Require It to Disclose Information and Documents about its Patent Infringement Claim 12

C. Wongab Failed to Comply with the Court's Scheduling Order or the ND Patent Rules to which Wongab Agreed to Follow .......... 13

D. Wongab's Failure to Comply With the Scheduling Order Warrants Dismissal of Its Patent Infringement Claims .......... 18

1. Forever 21 Has Been Severely Prejudiced By Wongab's Dilatory Conduct .......... 18

2. Wongab's Deficient and Untimely Infringement Contentions Indicate a Lack of Pre-Suit Investigation .......... 19

3. Less Drastic Sanctions Would Award Wongab Its Dilatory Conduct .......... 21

IV. CONCLUSION .......... 23

# TABLE OF AUTHORITIES

**PAGES**

Cases

*Adobe Sys. v. Wowza Media Sys.*, Case No. 11-cv-02243, 2014 U.S. Dist LEXIS 23153 (N.D. Cal. Feb. 22, 2014) .......... 23

*Allen v. Bayer Corp.*, 460 F.3d 1217 (9th Cir. 2006) .......... 18, 19

*Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558 (E.D. Tex. 2005) .......... 12

*Apple Inc. v. Samsung Elecs. Co.*, Case No. 12-cv-0630, 2013 WL 3246094 (N.D. Cal. Jun. 26, 2013) .......... 12

*Atchison, T. & S.F. Ry. V. Hercules Inc.*, 146 F.3d 1071 (9th Cir. 1998) .......... 11

*B-K Lighting Inc. v. Vision3 Lighting*, 930 F. Supp. 2d 1102 (C.D. Cal. 2013) .......... 12

*Blue Spike, LLC v. Adobe Sys.*, Case No. 14-cv-01647, 2015 U.S. Dist. LEXIS 8778 (N.D. Cal. Jan. 23, 2015) .......... 14, 16, 22

*Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091 (9th Cir. 2007) .......... 11

*Creagri, Inc. v. Pinnaclife Inc., LLC*, Case No. 11-cv-06635, 2012 WL5389775 (N.D. Cal. Nov. 2, 2012) .......... 8, 12, 15, 16

*Essociate, Inc. v. 4355768 Can. Inc.*, Case No. 14-cv-0679, 2015 U.S. LEXIS 18568 at *14-*15 (C.D. Cal. Jan. 14, 2015) .......... 16, 22

*Finjan, Inc. v. Proofpoint, Inc.*, Case No. 13-cv-05808, 2015 WL 1517920 (N.D. Cal. Apr. 2, 2015) .......... passim

*Geovector Corp. v. Samsung Elecs. Co.*, Case No. 16-cv-02463, 2017 WL 76950 at *7 (N.D. Cal. Jan. 9, 2017) .......... 15

*Guru Denim, Inc. v. Hayes*, Case No. 08-cv-04493, 2010 U.S. Dist. LEXIS 52992 (C.D. Cal. April 28, 2010) .......... 12

*In re Seagate Tech., LLC*,
497 F.3d 1360 (Fed. Cir. 2007) .......... 17

*Network Caching Tech., LLC v. Novell, Inc.*, Case No. 01-cv-2079,
2002 WL 32126128 (N.D. Cal. Aug. 13, 2002) .......... 13, 20

*Network Caching Tech., LLC v. Novell, Inc.*, Case No. 01-cv-2079,
2003 WL 21699799 (N.D. Cal. Mar. 21, 2003) .......... 12, 14

*Renesas Tech. Corp. v. Nanya Tech. Corp.*, Case No. 03-cv-05709,
2004 WL 2600466 (N.D. Cal. Nov. 10, 2004) .......... 13

*Richtek Tech. Corp. v. uPI Semiconductor Corp.*, Case No. 09-cv-05659,
2016 WL 4269095 (N.D. Cal. Aug. 15, 2016) .......... 8, 16, 23

*Shared Memory Graphics LLC v. Apple, Inc.*,
812 F. Supp. 2d 1022 (N.D. Cal. 2010) .......... 14

*Valley Eng'rs v. Electric Eng'g Co.*,
158 F.3d 1051 (9th Cir. 1998) .......... 12

Other Authorities

Federal Rule of Civil Procedure 16 .......... 4, 11, 23

Northern District of California Patent Local Rule 3-1 .......... passim

Northern District of California Patent Local Rule 3-2 .......... 3, 6, 17

-iii- Case No.: 16CV5194 TJH (SS)

FOREVER 21'S MPA'S IN SUPPORT OF MOTION TO DISMISS WONGAB'S PATENT CLAIMS, OR MOTION TO STRIKE INFRINGEMENT CONTENTIONS

Defendant and Counterclaimant Forever 21, Inc. (hereinafter "Forever 21") respectfully moves, pursuant to Fed. R. Civ. P. 16(f) and the Court's inherent authority, to dismiss with prejudice Plaintiff and Counterdefendant Wongab Corporation's (hereinafter "Wongab") patent infringement claims for failure to comply with the Court's Scheduling Order as well as its obligations to disclosure information and documents pursuant to Northern District of California's Patent Local Rules, which the parties agreed would govern patent-related contentions in this case. (Dkt. 19.)

## I. INTRODUCTION

Wongab failed to timely serve its patent infringement contentions by the February 20, 2017 deadline under the Court's Scheduling Order. (Dkt. 21.) Wongab did not obtain an extension of time from Forever 21 let alone the Court. On March 23, 2017 (over a month after the deadline), when Wongab finally served its patent infringement disclosures, they were wholly deficient and blatantly failed to comply with Northern District ("ND") Patent L.R. 3-1. At Forever 21's demand, Wongab agreed to cure these deficiencies, and on April 25, 2017 (over two months after the Feburary 20 deadline) served "revised" disclosures, but they failed to cure the acknowledged deficiencies. Wongab also failed to timely produce with either set of contentions any of the documents required to accompany infringement contentions under ND Patent L.R. 3-2.

The purpose of ND Patent L.R. 3-1 is to require parties to "***crystallize*** their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Finjan, Inc. v. Proofpoint, Inc.*, Case No. 13-cv-05808, 2015 WL 1517920 at *1 (N.D. Cal. Apr. 2, 2015) (quoting *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006) (emphasis added)). Yet, Wongab's untimely infringement contentions do nothing of the sort. They consist largely of conclusory assertions without supporting details and

boilerplate "place holder" language in contradiction to the specificity required under the Northern District Patent Local Rules.

First, Wongab failed to identify "specifically where and how each limitation of each asserted claim is found within" the accused product. (Ex. 3, ND Patent L.R. 3-1(c).) Instead of explaining its infringement theory in detail, Wongab's contentions largely include conclusory and unsubstantiated statements without actual reference to the accused product. By way of example, on their face, claims 5 and 6 of the '476 patent cannot be infringed by the same product. Yet, the same accused product has been identified with respect to both claims, but Wongab does not identify where and how the limitations of these claims are found within the accused product. Accordingly, Forever 21 and the Court are left to guess at Wongab's infringement theory.

Second, Wongab's generic "reservation" that "any limitations that are not literally met are met under the doctrine of equivalents" is wholly insufficient and improper. (Ex. 6; *see* Ex. 3, ND Patent L.R. 3-1(e).) The point of the disclosures is for the plaintiff to elucidate now for the defendant the scope and basis of the patent infringement claims. It is improper for Wongab to give itself open-ended "wiggle-room" to change its contentions without actually articulating its infringement theories.

Third, Wongab failed to identify "separately for each asserted claim" its own or any of its licensees' products that allegedly practice the claims. (Ex. 3, ND Patent L.R. 3-1(g).) Wongab fails to identify any specific product—either Wongab's or a licensee's—or any specific claim that it intends to rely upon, hindering Forever 21's ability to focus discovery accordingly. Instead, Wongab states in a conclusory manner that "Wongab's textiles incorporate the elements and composition of the patent" without any specificity as to asserted claims or individual products. (Ex. 6.) Wongab also has not produced any documents required to support its supposed "reservation." (*See* Ex. 3, ND Patent L.R. 3-2(e), (i).)

Finally, Wongab failed to provide any basis for its claim of willful infringement. (Ex. 3, ND Patent L.R. 3-1(i).) Its "contention" consists solely of Wongab's assertion that Forever 21 ***may be liable*** for willful infringement "***[i]f*** Forever 21 continued to market and sell the Accused Products after being served with the instant complaint[.]" (Ex. 6 (emphasis added).) Wongab's patent disclosures do not identify a single fact—whether identified during discovery or from Wongab's alleged pre-filing investigation—supporting a claim of willful infringement. Most glaringly, Wongab fails to provide a single fact allegedly evidencing Forever 21's knowledge of the asserted patent, which is a required element of pre-suit willful infringement.

Wongab's failure to comply with the Scheduling Order has severally prejudiced Forever 21. To this day, Wongab has not clearly articulated its patent infringement theory, hampering Forever 21's ability to conduct efficient discovery and develop its defenses. Wongab's inability to provide coherent infringement contentions and explain its theory as required under ND Patent L.R. 3-1 threatens to derail the entire case schedule to which the parties agreed and the Court ordered. Nor is there any point in permitting Wongab another opportunity to provide compliant disclosures. Wongab already had that opportunity, yet its revised disclosures are still wholly deficient, demonstrating that either Wongab will not or cannot comply.

Although dismissal is drastic, it is appropriate here. Wongab's inability to provide compliant disclosures calls into question Wongab's pre-suit investigation and good faith basis for filing the patent infringement complaint. Wongab should not be allowed to abuse the discovery process in an effort to develop a theory of infringement almost a year after it filed its complaint.

At a minimum, to the extent that the Court does not dismiss Wongab's patent infringement claims (which it should), the Court should:

(1) Strike Wongab's supposed Rule 3-1(c) chart and order Wongab to serve a chart complaint with ND Patent L.R. 3-1(c) within one week;

(2) Strike without leave to amend Wongab's infringement contentions regarding its claims of willful infringement, doctrine of equivalents, and reliance on its own products for any purpose; and

(3) Modify the case schedule accordingly.

In the event Forever 21 prevails in any way, Forever 21 also asks the Court to award Forever 21 its attorneys' fees associated with this motion resulting from Wongab's blatant disregard for the Court's Scheduling Order as well as Wongab's obligations to make its patent disclosures. Fed. R. Civ. P. 16(f)(2).

## II. BACKGROUND AND FACTS

Wongab filed its complaint on July 14, 2017, asserting claims of alleged copyright and patent infringement. (Dkt. 1.) With respect to Wongab's supposed patent rights, the complaint alleges Forever 21 infringes one or more of the claims of U.S. Patent No. 8,448,476 (hereinafter "the '476 patent"). Wongab's complaint does not describe how Forever 21 allegedly infringes the claims of the '476 patent. Instead, the patent infringement allegations therein are conclusory, and do not include any comparison of the accused products to the patent claims.

The parties stipulated in the Rule 26(f) Report that the Patent Local Rules promulgated by the District Court for the Northern District of California would apply in this case "with respect to Infringement and Invalidity Contentions." (Dkt. 19 at 13:10-15.)[1] Among other provisions, Wongab's infringement contentions were required to include:

---

[1] True and correct copies of those Patent Local Rules are attached hereto as Exhibit 3 for the Court's convenience.

(c)    A chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

(e)    Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

(g)    If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own or its licensee's apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim; and

(i)    If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

(Ex. 3, ND Patent L.R. 3-1(c), (e), (g), (i).)  In addition, Wongab was required to produce documents related to its infringement contentions, including the patent file history, all documents evidencing ownership, all documents evidencing development of the patent's subject matter, all documents related to disclosure of the subject matter (e.g., sales, offers for sales, public use) prior to the application date of the patent, and all agreements (e.g., licenses) transferring an interest in the patent or useful in establishing damages, among others.  (Ex. 3, ND Patent L.R. 3-2.)

### A. Wongab's Infringement Contentions Fail to Conform to the ND Patent Local Rules.

Under the case schedule, Wongab's infringement contentions were to be served on February 20, 2017. (Dkt. 21 at 4.) After Wongab failed to serve its infringement contentions on February 20, Forever 21 requested an explanation why infringement contentions were not timely served. Wongab then represented that it would serve infringement contentions no later than March 18, 2017, and agreed to extend Forever 21's deadline for serving invalidity contentions an equivalent amount of time.[2] (Ex. 1.) Wongab then failed to comply with the March 18 date, and finally served its Infringement Contentions on March 23, 2017 (over a month late). (Declaration of Daniel Taskalos ("Taskalos Decl."), ¶ 3.) Wongab failed to produce any of the documents required by the ND Patent L.R. 3-2 at that time. (*See id*.)

When Wongab finally served its contentions, they were wholly deficient. On March 30, Forever 21 notified Wongab of the many deficiencies in the infringement contentions. (Taskalos Decl., ¶ 5; Ex. 4.) In sum, Wongab's infringement contentions were devoid of factual assertions, consisting of conclusory statements and boilerplate language that merely mimicked the claim language. For example, with respect to claim 1, Wongab merely states:

> The ground fabric on the Disputed Product includes multiple organizations arranged in a longitudinal direction of the ground organization, with each unit of the ground fabric comprising a specific loop shape of a network structure formed by a chain of units with a unit organization that includes the same series of

[2] Forever 21 continued to reserve its rights to seek dismissal of the patent infringement claims for failure to comply with the case schedule. (Taskalos Decl., ¶ 2; Ex. 1.)

> varying loop shapes. See, e.g., Attachment B and the structures labelled "Unit Organization #1" and "Unit Organization #2."

(Ex. 2.) This "contention" simply repeats the language of claim 1, without any explanatory text elaborating on Attachment B, which is an annotated photograph of the accused product. Reference to a photograph without further explanation is insufficient to comply with ND Patent L.R. 3-1. *See Finjan*, 2015 WL 1517920 at *6. Wongab did not even address where or how the limitation "comprising a specific loop shape of a network structure formed by a chain of a specific chain number group comprising an array of a plurality of chain numbers" of claim 1 is allegedly found in the accused product. In fact, for many of the asserted claims Wongab did not even cite to the accused product. (*See* Ex. 2, claims 2–6.)

As another example, Wongab failed to provide any reference to the accused product in its contentions related to claims 5 and 6. (Ex. 2.) There is no reference to a photograph of the accused product and Wongab's contentions merely mimics the claim language. As discussed in greater detail below, the same alleged component of the accused product cannot infringe both claims 5 and 6, as the claims are different embodiments. Yet Wongab does not attempt to identify any component of the accused product showing where and how the accused product allegedly infringes.

Wongab's "contentions" further failed to identify whether the claims are allegedly infringed literally or only under the doctrine of equivalents. (*See* Ex. 3, ND Patent L.R. 3-1(e).) After stating "Wongab alleges that each limitation is literally met," Wongab then goes on to assert in a conclusory manner that:

> Alternatively, Wongab alleges that any limitations that are not literally met are met under the doctrine of equivalents.

(Ex. 2.) If Wongab seeks to assert infringement under the doctrine of equivalents, it must specify in what way the accused product allegedly infringes the claims under

-7- Case No.: 16CV5194 TJH (SS)
FOREVER 21'S MPA'S IN SUPPORT OF MOTION TO DISMISS WONGAB'S PATENT CLAIMS, OR MOTION TO STRIKE INFRINGEMENT CONTENTIONS

the doctrine of equivalents. *Creagri, Inc. v. Pinnaclife Inc., LLC*, Case No. 11-cv-06635, 2012 WL5389775 at *6 (N.D. Cal. Nov. 2, 2012).

ND Patent L.R. 3-1 requires Wongab to identify "separately for each asserted claim" each of Wongab's products it alleges practice the asserted claims.  ND Patent L.R. 3-1(g).  But, Wongab did not do that.  Instead, Wongab merely contends in a conclusory manner that:

> Wongab's textiles incorporate the elements and composition of the patent and Wongab practices the patent by manufacturing, or causing to be manufactured, textiles, namely fabric, that incorporates the patented fabric.

(Ex. 2.)  Wongab does not identify "separately for each asserted claim" which of its products allegedly practice the claim, as expressly required by ND Patent L.R. 3-1(g).  Moreover, Wongab does not even bother to identify which of its products it believes practice the asserted claims.  *Cf. Richtek Tech. Corp. v. uPI Semiconductor Corp.*, Case No. 09-cv-05659, 2016 WL 4269095 at *2-*3 (N.D. Cal. Aug. 15, 2016) (denying patent owner's motion to amend infringement contentions to disclose an additional five products not explicitly recited as originally served).

Finally, Wongab failed to provide any basis for its claim of willful infringement in its untimely contentions.  (Ex. 3, ND Patent L.R. 3-1(i).)  In its complaint, Wongab asserts Forever 21 has allegedly "willfully infringed the '476 patent by continuing their acts of infringement after being on notice of the patent" without citing to a single fact in support.  (Dkt 1.)  Wongab's infringement contentions are not any better.  They fail to provide ***any facts***, instead merely asserting in a conclusory manner that:

> If Forever 21 continued to market and sell the Accused Products after being served with the instant complaint, [] such sales would constitute willful infringement absent a legally justified, good faith belief at the time of such sale that the '476

> patent was invalid or not infringed, per the applicable case law that defines willfulness.

(Ex. 2)

**B. <u>Wongab's Revised Contentions Fail to Conform to the ND Patent Local Rules.</u>**

On April 11, 2017, Forever 21's counsel discussed the many identified deficiencies with Wongab's counsel. (Taskalos Decl., ¶ 6.) Wongab's counsel represented it would serve "revised" infringement contentions to address the many identified deficiencies, and produce the requisite documents, by April 21, 2017 (over two months after the original deadline). (*Id.*) On April 19, 2017, Wongab reiterated that revised contentions would be served, but modified the agreed deadline from April 21 to sometime "early next week at the latest." (*Id*. at ¶ 7; Ex. 5.)

Wongab finally served its "revised" infringement contentions on April 25. (Taskalos Decl., ¶ 8; Ex. 6.) However, Wongab's revised infringement contentions failed to address any of the acknowledged deficiencies from the parties meet and confer. Wongab's revised chart continued to mimic the claim language, failed to specifically identifying where in the accused product each limitation is allegedly found, and relied on conclusory statements without explanation as to Wongab's infringement theory. For example, with respect to claim 1, Wongab merely states:

> Each "unit" of the ground fabric on the Disputed Product includes multiple designs arranged in a vertical direction of the ground organization. Rather than consisting of the same loop shape (i.e., all circles), with each unit contains a varying pattern loop shapes (i.e., circles, followed by hexagons, followed by triangles). See, e.g., Attachment B and the structures labelled "Unit Organization #1" and "Unit Organization #2."

(Ex. 6.) Although Wongab has made slight changes to the language in the contentions, Wongab fails to explain what different shapes it alleges are shown in the accused product. Instead, Wongab merely cites to language from the '476 patent's disclosure on different shapes, failing to explain how the accused product allegedly meets the elements of the claim. Wongab also failed to provide any additional explanation of Attachment B, which are the pictures of the accused products.

Further, Wongab continued to fail to explain where or how the limitation "comprising a specific loop shape of a network structure formed by a chain of a specific chain number group comprising an array of a plurality of chain numbers" of claim 1 is allegedly found in the accused product. Instead of substantively addressing this deficiency, Wongab added:

> The Disputed Product incorporates multiple unit organizations that are arranged longitudinally via multiple claim drums incorporating chain lengths, with the drums operating at different times, driven by the use of ground bars.
>
> The Disputed Product includes multiple chain numbers with different loop shapes and networks, a product of the multi-drum and multi-needle process address in the patented claim at issue.

(Ex. 2.) Wongab does not identify a single fact to support its allegations, instead basing its contention on language contained within the disclosure of the '476 patent itself. Merely parroting the specification of the patent without explanation does not provide Forever 21 with the notice it is entitled to under the ND Patent Local Rules.

As another example, Wongab still fails to provide any reference to the accused product in its contentions related to claims 5 and 6. There is still no reference to a photograph of the accused product and Wongab's contentions merely mimic the claim language. As discussed in greater detail below, the same alleged

component of the accused product cannot facially infringe both claims 5 and 6, as the claims are different embodiments.

Finally, Wongab did not revise its deficient contentions with regards to allegations of infringement under the doctrine of equivalents, its claim of willful infringement, or its preservation of right to rely on its own products allegedly practicing the asserted claims. (Taskalos Decl., ¶ 8; *compare* Ex. 2 *with* Ex. 6.) And Wongab yet again failed to serve any of the documents required to accompany the infringement contentions pursuant to ND Patent L.R. 3-2. (Taskalos Decl., ¶ 8.)

Accordingly, it is now three months after Wongab's patent disclosures were due under the Court's case schedule and after Wongab has been given abundant opportunity to provide compliant disclosures. It has failed to do so and the prejudice it has caused by derailing the case schedule cannot be cured.

## III. ARGUMENT

### A. Failure to Comply with a Scheduling Order is Sanctionable.

This Court has inherent authority to control its docket and may impose sanctions, including dismissal, in exercising that discretion. *See Atchison, T. & S.F. Ry. V. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998). Further, under Fed. R. Civ. P. 16, the Court may issue "any just orders" for failure to comply with the Court's scheduling order, including dismissal of claims. Fed. R. Civ. P. 16(f) (stating that the court may issue "any just orders" for failing to obey a scheduling order, including the sanctions enumerated in Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii)); *see Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

In deciding whether to issue claim-dispositive sanctions, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See Network Caching Tech., LLC v.*

*Novell, Inc.*, Case No. 01-cv-2079, 2003 WL 21699799 at *2–*3 (N.D. Cal. Mar. 21, 2003) [hereinafter *Network II*]; *Guru Denim, Inc. v. Hayes*, Case No. 08-cv-04493, 2010 U.S. Dist. LEXIS 52992 at *13–14 (C.D. Cal. April 28, 2010). Not all five factors need necessarily be satisfied, and the test is not to be applied in a mechanical way. *Guru Denim*, 2010 U.S. Dist. LEXIS 52992 at *7. Where a court order is violated, the Ninth Circuit has stated that factors 3 and 5 are decisive. *See id.* at *14. Although the Ninth Circuit has elaborated these factors, it has stated that "it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning." *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

### B. The Patent Local Rules to which Wongab Stipulated to Follow Require It to Disclose Information and Documents about its Patent Infringement Claim.

The purpose of ND Patent L.R. 3-1 is to require parties to "crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Finjan*, 2015 WL 1517920 at *1 (quoting *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006)); *B-K Lighting Inc. v. Vision3 Lighting*, 930 F. Supp. 2d 1102, 1134 (C.D. Cal. 2013) (internal citations omitted). This early disclosure is designed to streamline discovery and "provide structure to discovery and enable the parties to move efficiently toward claim construction and the eventual resolution of their dispute." *Creagri*, 2012 WL 5389775 at *2 (citing *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005)).

Infringement contentions are intended to require the plaintiff to disclose its infringement theories. *See Apple Inc. v. Samsung Elecs. Co.*, Case No. 12-cv-0630, 2013 WL 3246094 at *3 (N.D. Cal. Jun. 26, 2013). ND Patent L.R. 3-1 requires the plaintiff to provide sufficient details to permit the defendant to understand "why the plaintiff believes it has a reasonable chance of proving infringement." *Finjan*, 2015

WL 1517920 at *2 (internal citations omitted). Fed. R. Civ. P. 11's required prefiling inquiry establishes "a *minimum* level of detail that [ND] Patent LR 3-1 requires." *See Network Caching Tech., LLC v. Novell, Inc.*, Case No. 01-cv-2079, 2002 WL 32126128 at *4–*5 (N.D. Cal. Aug. 13, 2002) [hereinafter *Network I*] (emphasis added); *Finjan*, 2015 WL 1517920 at *2. That is, patent infringement contentions must contain all facts known to the patent owner supporting its infringement theory, including those discovered in its Rule 11 prefiling inquiry. *Renesas Tech. Corp. v. Nanya Tech. Corp.*, Case No. 03-cv-05709, 2004 WL 2600466 at *4 (N.D. Cal. Nov. 10, 2004).

### C. Wongab Failed to Comply with the Court's Scheduling Order or the ND Patent Rules to which Wongab Agreed to Follow.

There is no dispute that Wongab failed to timely serve its patent infringement contentions in accordance with the Court's Scheduling Order. Wongab was fully aware of its obligations as it agreed to the case schedule contained in the Scheduling Order. (*See* Dkt. 19.) To the extent Wongab was unable to meet its obligations, it needed to seek relief from the Court.

Wongab has evidenced a sheer lack of respect for deadlines, whether court-ordered or self-imposed. Wongab failed to meet the court-ordered service date of February 20. After Forever 21 asked for a reason the date was missed, Wongab blamed it on a calendaring error, but that it would serve the contentions by March 18, 2017. (Taskalos Decl., ¶ 2.) But then it missed that date and served its initial contentions on March 23, 2017. (*Id*. at 3; *see* Ex. 1.) After agreeing to serve revised infringement contentions on April 21, 2017 during the meet and confer conference—a date which, again, was offered by Wongab itself—it attempted to unilaterally change its obligations. (Taskalos Decl., ¶¶ 6–7.) Given Wongab's current track record, Forever 21 has little confidence in Wongab's conduct changing going forward. Wongab has attempted to turn every date certain into an amorphous

idea, leaving Forever 21 in the dark as to when any expected documents will actually be served. This is highly improper.

To this day Wongab's untimely infringement contentions fail to comply with the applicable Northern District Patent Local Rules. ND Patent L.R. 3-1 requires the patent owner to provide a chart "identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality." (Ex. 3, ND Patent L.R. 3-1(c).) To comply, the patent owner must map "specific elements" of each accused product "onto Plaintiff's claim construction." *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010); *see Network II*, 2003 WL 21699799 at *5 ("At this stage, mapping specific elements of defendants' allegedly infringing products onto NCT's claim construction is adequate."). Merely parroting claim language or referencing photographs in lieu of explanatory text is insufficient to comply. *Finjan*, 2015 WL 1517920 at *6.

Yet, this is precisely the problem with Wongab's contentions. As discussed above, the chart in Wongab's "revised" contentions allegedly mapping the asserted claims to the accused products fails to specifically identify where and how it alleges elements of the asserted claims are found in the accused product. In many instances, Wongab does not even refer to the accused product, instead citing to the '476 patent to allegedly establish the presence of claim elements in the accused product. With respect to the failure to address all of the claim elements in its original contentions, Wongab's revised contentions merely add more conclusory statements failing to provide any clarity as to where or how the elements are allegedly found in the accused product.

This lack of explanation leaves Forever 21 to guess as to what Wongab's infringement theory is, including its claim constructions upon which the contentions were based. This is directly contrary to the purpose of the chart required by ND Patent L.R. 3-1, and the Court should strike Wongab's contentions. *See, e.g., Blue Spike, LLC v. Adobe Sys.*, Case No. 14-cv-01647, 2015 U.S. Dist. LEXIS 8778 at

*16–*22, *29 (N.D. Cal. Jan. 23, 2015) (striking patent owner's infringement contentions for failing to comply with Patent L.R. 3-1(c)).

Moreover, Wongab did not even attempt to fix many of the other deficiencies which Forever 21 brought to Wongab's attention.  (Taskalos Decl., ¶ 8; *see* Ex. 4.)  Wongab failed to change in any way its contentions corresponding to the doctrine of equivalents, willful infringement, and preserving the right to rely on its own products for any reason.  (*Compare* Ex. 2 *with* Ex. 6.)  As discussed above, Forever 21 identified that these contentions were insufficient and failed to meet the requirements of ND Patent L.R. 3-1.  Wongab did not raise any opposition to Forever 21's identified deficiencies in those contentions when it agreed to serve revised infringement contentions in response.  Wongab's failure to make any change indicates Wongab's continued disregard for complying with its obligations.

With respect to asserting doctrine of equivalents, ND Patent L.R. 3-1 further requires the patent owner to assert whether it believes "each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents" in the accused product.  (Ex. 3, ND Patent L.R. 3-1(e).)  The purpose of the doctrine of equivalents is to prevent "fraud on the patent," not "to give a patentee a second shot at proving infringement" if it fails to prove literal infringement.  *Creagri*, 2012 WL 5389775 at *6.  To comply with ND Patent L.R. 3-1, Wongab must specify in what way the accused product allegedly infringes the claims under the doctrine of equivalents.  *Id.*  It is improper for Wongab to assert doctrine of equivalents with mere "placeholder" language, and hope to justify that contention by conducting a fishing expedition through discovery.  *See Finjan*, 2015 WL 1517920 at *10.  Yet, again, Wongab did exactly that.  Wongab asserts the doctrine of equivalents as an "alternative" without any of the required specificity.  This is exactly the type of meaningless contention that courts have found fail to comply with ND Patent L.R. 3-1.  *See, e.g.*, *Geovector Corp. v. Samsung Elecs. Co.*, Case No. 16-cv-02463, 2017 WL 76950 at *7 (N.D. Cal. Jan. 9, 2017); *Finjan*, 2015

WL 1517920 at *10; *Blue Spike*, 2015 U.S. Dist. LEXIS 8778 at *22-*23; *Essociate, Inc. v. 4355768 Can. Inc.*, Case No. 14-cv-0679, 2015 U.S. LEXIS 18568 at *14-*15 (C.D. Cal. Jan. 14, 2015); *Creagri*, 2012 WL 5389775 at *5-*6.

ND Patent L.R. 3-1 also requires Wongab to identify "separately for each asserted claim" each of Wongab's products it alleges practice the asserted claims. (Ex. 3, ND Patent L.R. 3-1(g).) The purpose of Patent L.R. 3-1(g) is to provide notice of those of its own products Wongab intends to rely on as practicing the claims. But, as discussed above, Wongab attempts to preserve a blanket right to rely on any of its own products without identifying which products allegedly practice each asserted claim separately. Wongab is not required to assert such a reservation; ND Patent L.R. 3-1(g) is only required "[i]f a party claiming patent infringement wishes to preserve the right[.]" (*Id.*) Wongab is attempting to circumvent its requirements under ND Patent L.R. 3-1 by having it both ways. *Cf. Richtek*, 2016 WL 4269095 at *2-*3 (denying patent owner's motion to amend infringement contentions to disclose an additional five products not explicitly recited as originally served). Without identifying any specific product, Wongab has essentially provided no notice to Forever 21. This improper contention renders it impossible for Forever 21 to effectively conduct discovery, providing Wongab with an excuse to assert baseless relevancy objections to discovery requests regarding Wongab's products without Forever 21 having the ability to effectively respond.

To comply with Wongab's obligations under ND Patent L.R. 3-1(i), Wongab must at least "make out the barest factual assertion of knowledge of an issued patent" supporting Wongab's willful infringement claim. *Blue Spike*, 2015 U.S. Dist. LEXIS 8778 at *27-*28. Wongab's allegation of willful infringement in the complaint is essentially the same as the patent owner's in *Blue Spike*, which the court found to be wholly insufficient. In *Blue Spike*, the patent owner's complaint asserted willful infringement for "continu[ing] to infringe the [Patents-in-Suit] since receiving notice of their infringement, at least by way of their receiving notice of

this lawsuit." *Id.* at *28. The patent owner's contentions failed to provide any other facts, referring only to the allegations in the complaint. *Id.* Accordingly, the court struck the patent owner's claims of willful infringement, without leave to amend. *Id.* at *28-*29.

No one forced Wongab to assert that Forever 21's alleged infringement was allegedly willful—it chose to do so. To plead willful infringement in its claims, Wongab's allegation must be based "exclusively in the accused infringer's pre-filing conduct." *In re Seagate Tech., LLC*, 497 F.3d 1360, (Fed. Cir. 2007), *overruled in part on other grounds by Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016). Yet, Wongab did not identify a single fact supporting its allegation in the complaint.

Finally, Wongab failed twice to comply with ND Patent L.R. 3-2. Under ND Patent L.R. 3-2, Wongab's infringement contentions were to be served with, or made available for inspection and copying, documents directly related to the required disclosures of ND Patent L.R. 3-1. Many of the documents required should have been available through a reasonable Rule 11 pre-suit investigation, including the patent file history, assignments or other agreements concerning ownership of the patent, and documents concerning any of Wongab's own products it sought to preserve the right to rely on for any purpose, among others. (*See* Ex. 3.) Wongab failed to serve and/or identify any of the required documents when it initially served its untimely infringement contentions. Even after Forever 21 brought this requirement to Wongab's attention, Wongab still failed to serve or identify any documents with its "revised" infringement contentions.

Not until May 5, 2017 did Wongab finally serve its first production of documents, but even then failed to identify if any of those documents relate to its obligations under ND Patent L.R. 3-2. (*See* Ex. 3 , ND Patent L.R. 3-2 ("The producing party shall separately identify by production number which documents

correspond to each category."); Tasaklos Decl., ¶ 9.) Accordingly, to this day, Wongab has yet to comply with its obligations under ND Patent L.R. 3-2.

### D. Wongab's Failure to Comply With the Scheduling Order Warrants Dismissal of Its Patent Infringement Claims.

Wongab's failure to comply with the Court's Scheduling Order has severely prejudiced Forever 21 and this Court, and evidences a disturbing lack of pre-suit investigation on Wongab's part as well as disregard for the Court's orders, which warrants dismissal of the claims.

#### 1. Forever 21 Has Been Severely Prejudiced By Wongab's Dilatory Conduct.

Wongab's actions have impaired Forever 21's "ability to go to trial" and "threaten[s] to interfere with the rightful decision of the case." *See Allen v. Bayer Corp.*, 460 F.3d 1217, 1227-28 (9th Cir. 2006) (internal citations omitted). Wongab's failure to make its patent disclosures in a timely manner has prejudiced Forever 21, forcing it to expend attorney time trying to extract from Wongab a clear articulation of its infringement theory and support therefor. This prejudice was compounded by the fact that Wongab failed to produce with either its first untimely infringement contentions or the "revised" contentions any of the documents required by Patent L.R. 3-2 to accompany the contentions. *See id.* at 1227 ("***Failing to produce documents as ordered is considered sufficient prejudice. Late tender is no excuse***.") (citations omitted) (emphasis added).

Without timely and adequate disclosures, Forever 21 cannot effectively and efficiently develop its defense, including its invalidity contentions, which are now due on July 10 by agreement of the parties. Absent a clear understanding of Wongab's infringement theory, Forever 21 cannot effectively identify all its prior art that may invalidate the patents. How Wongab is construing the claims, based on its mapping of claim limitations to the accused product, is crucial in allowing Forever 21 to identify prior art that it believes invalidate the patent, and conduct discovery

accordingly. As another example, Wongab's failure to specifically identify its own (or licensees') products that it alleges practice the claims hinders Forever 21's ability to conduct discovery on those products. By merely providing a blanket statement that "Wongab's textiles" allegedly practice the claims, Forever 21 is unable to tailor discovery to obtain information on those specific products, thus destroying Forever 21's ability to effectively respond to any position Wongab may take with those products (e.g., the existence of a nexus between the alleged practiced claim and the success of a particular product for purposes of establishing a secondary indicia of non-obviousness).

Even if Wongab were eventually to provide adequate disclosure, they would not cure the prejudice already suffered by Forever 21. *See Allen*, 460 F.3d at 1227 ("***Failing to produce documents as ordered is considered sufficient prejudice. Late tender is no excuse***.") (citations omitted) (emphasis added).

To allow for late service to cut against a finding of prejudice would disincentivize plaintiffs to comply timely with their patent disclosure obligations, contrary to the purpose of the ND Patent Local Rules. Such an approach would insulate unfairly patent claimants like Wongab from the ramifications caused by their failures to adhere with their disclosure obligations and the Court's scheduling orders. *See Finjan*, 2015 WL 1517920 at *1 ("The Rule requires parties to crystalize their theories of the case early in litigation ***and to adhere to those theories once they have been disclosed***.") (internal quotations and citations omitted) (emphasis added).

**2. <u>Wongab's Deficient and Untimely Infringement Contentions Indicate a Lack of Pre-Suit Investigation.</u>**

Wongab is either deliberately withholding required information, or failed to conduct the requisite Rule 11 pre-filing investigation. Rule 11 requires that, prior to filing a complaint claiming patent infringement, the patent owner must "compare an accused product to its patents on a claim by claim, element by element basis for at

least one of each defendant's products." *Network I*, 2002 WL 32126128 at *5. In other words, a patent plaintiff like Wongab is supposed to have at its fingertips—before filing its lawsuit—the information and documents required by the patent disclosure rules.

Yet, as explained in greater detail above, Wongab's infringement contentions fail to do more than mimic claim language, make conclusory statements, and cite to photographs without explanatory text. Thus, it is readily apparent that Wongab either did not conduct the required element by element comparison, or Wongab is intentionally withholding such comparison from Forever 21 for strategic reasons. Either way, Wongab's conduct is unacceptable.

This is readily apparent when looking at Wongab's contentions regarding alleged infringement of claims 5 and 6 of the '476 patent. Claim 5 of the '476 patent recites that the "unit organizations of any one unit design are arrayed in zigzag with the unit organizations of another unit design in the transverse direction. Claim 6 of the '476 patent recites that the "unit organizations of any one unit design are arrayed in parallel with the unit organizations of another unit design in the transverse direction." On their face, ***claims 5 and 6 are exclusive embodiments, such that the same alleged component of the accused product could not infringe both claims***. That they are mutually exclusive is further evidenced by the fact the limitations of claims 5 and 6 are described as separate embodiments in the '476 patent. *See* '476 Patent, 6:39-43; Figs. 12, 13.

Yet, despite the language of the claims, Wongab asserts that both claims 5 and 6 are infringed ***by the same product***. Wongab's contentions for claims 5 and 6 merely parrots the claim language, without citing to anywhere in the accused product where the two distinct limitations (a zigzag arrangement and a parallel arrangement) are found. Even after Forever 21 provided Wongab a chance to review and reconsider its assertion, Wongab failed to cure it or otherwise provide the specificity required by Patent L.R. 3-1 for claims 5 and 6. Wongab's inability to

provide even the most basic of detail explaining its infringement theory raises serious questions as to its good faith and certainly as to the adequacy of its pre-suit investigation.

### 3. Less Drastic Sanctions Would Award Wongab Its Dilatory Conduct.

Dismissal is the only sanction that will sufficiently address Wongab's abuse of the scheduling order and its disclosure obligations. Absent dismissal, Wongab will be awarded for its dilatory conduct (e.g., a unilateral extension by *three months* of its time to make its patent disclosures), circumventing the purpose of the ND Patent Local Rules as well as the Court's scheduling order. Essentially, Wongab would be permitted to not disclose its actual theory of infringement until almost a year after it filed its complaint. Such an outcome would be extremely prejudicial not only to Forever 21 but the Court, as the entire case schedule will need to be modified drastically.

Further, Wongab has proffered no good cause for the delay. Nor did it seek a modification of the case schedule based on good cause. Instead, it apparently decided to march to its own timetable instead of the one that it agreed to and the Court approved.

Even with dismissal of the patent infringement claims, Wongab would not be left without a remedy for its perceived grievances against Forever 21 arising from the accused product. Wongab will still be free to pursue its copyright infringement claims (although Forever 21 views them as without merit). Dismissal of Wongab's patent infringement claims is, thus, an appropriate remedy for Wongab's violations of its obligations to the Court and Forever 21.

To the extent the Court does not dismiss Wongab's patent infringement claims, the Court should:

(1) Strike Wongab's supposed Rule 3-1(c) chart and order Wongab to serve a chart complaint with ND Patent L.R. 3-1(c) within one week;

(2) Strike without leave to amend Wongab's infringement contentions regarding its claims of willful infringement, doctrine of equivalents, and reliance on its own products for any purpose; and

(3) Modify the case schedule accordingly.

Although allowing Wongab to amend its untimely infringement contentions would fail to cure the prejudice to Forever 21, at a minimum, Wongab should be compelled to meet its obligations under ND Patent L.R. 3-1(c). *See, e.g.*, *Finjan*, 2015 WL 1517920 at *12 (ordering patent owner to serve amended contentions within 21 days); *Essociate*, 2015 U.S. LEXIS 18568 at *18–*19.

Wongab should not be allowed to amend its contentions with respect to doctrine of equivalents and willful infringement. Where the patent owner's contentions with respect to doctrine of equivalents and willful infringement have been found non-compliant, courts have struck those contentions without leave to amend absent the patent owner complying with ND Patent L.R. 3-6. (Ex. 3, ND Patent L.R. 3-6 (requiring a "timely showing of good cause" to amend contentions).); *see, e.g.*, *Finjan*, 2015 WL 1517920 at *12; *Blue Spike*, 2015 U.S. Dist. LEXIS 8778 at *23, *28. This is especially proper in this case, given Wongab's failing to comply with the case schedule and the lack of even pre-suit investigation facts in support.

Wongab's attempt to preserve its ability to rely on its own products for any purpose should also be stricken without leave to amend at this time. As discussed above, a blanket statement covering all of its products evidences Wongab's blatant disregard for its obligations. It should not be allowed to amend without showing good cause why it was unable to timely identify even a single one of its products

that allegedly practice the claims. *Cf. Richtek*, 2016 WL 4269095 at *2-*3 (denying patent owner's motion to amend infringement contentions to disclose an additional five products not explicitly recited as originally served); *Adobe Sys. v. Wowza Media Sys.*, Case No. 11-cv-02243, 2014 U.S. Dist LEXIS 23153 at *53–*55 (N.D. Cal. Feb. 22, 2014) (granting motion to strike portions of expert report where the expert relies on a specific product as allegedly incorporating the asserted claims, whereas the specific product "is not mentioned at all in the contentions").

Regardless of the Court's decision whether to dismiss the patent infringement claims or, at a minimum, strike Wongab's contentions and modify the schedule as explained above, Forever 21 respectfully requests its attorneys' fees associated with this motion resulting from Wongab's blatant disregard for the Court's Scheduling Order as well as Wongab's obligations to make its patent disclosures. Fed. R. Civ. P. 16(f)(2); *see* Taskalos Decl., ¶¶ 10–11, Ex. 7.[3]

## IV. <u>CONCLUSION</u>

The Court should dismiss Wongab's patent infringement claims for failing to comply with the Court's Scheduling Order as well as the ND Patent Rules to which Wongab agreed to follow. It has been given multiple opportunities to provide compliant patent disclosures, but has failed to do so. Wongab's conduct has prejudiced Forever 21's ability to defend against the patent claims. If Wongab is permitted to pursue its patent claims at this point, it will derail the case schedule. Any lesser sanction would award Wongab for its failure to comply with its litigation obligations.

[3] In the event the Court grants the Motion in any way, Forever 21 will move within a reasonable time for its attorneys' fees pursuant to Fed. R. Civ. P. 16(f)(2) to include a full accounting.

Dated: May 17, 2017

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ Martin R. Bader
SEONG KIM
MARTIN R. BADER
Attorneys for Defendant and Counterclaimant
FOREVER 21, INC.