SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SEONG KIM, Cal. Bar No. 166604
SHKim@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone: 310.228.3700
Facsimile: 310.228.3701

MARTIN R. BADER, Cal. Bar No. 222865
mbader@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone: 858.720.8900
Facsimile: 858.509.3691

Attorneys for Defendant and Counterclaimant
FOREVER 21, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONGAB CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>,<br><br>    Defendant. | Case No. 16-CV-5194 TJH (SS)<br><br>**DECLARATION OF DANIEL TASKALOS IN SUPPORT OF FOREVER 21'S MOTION TO DISMISS PATENT CLAIMS OR ALTERNATIVELY TO STRIKE WONGAB'S INFRINGEMENT CONTENTIONS**<br><br>Date: _June 19, 2017 UNDER SUBMISSION<br>Time: UNDER SUBMISSION<br>Dept.: 9B |
| FOREVER 21, INC.,<br><br>    Counterclaimant,<br><br>    v.<br><br>WONGAB CORPORATION,<br><br>    Counterclaim-defendant. | Assigned to the Hon. Terry J. Hatter<br>Complaint filed: July 14, 2016<br>Pretrial Conference: May 16, 2018<br>Trial Date: None Set |

# DECLARATION OF DANIEL TASKALOS

I, Daniel Taskalos, declare as follows:

1. I am an attorney at law duly licensed and admitted to practice in the State of California, and before this court. I am an associate at the law firm of Sheppard Mullin Richter & Hampton, LLP ("Sheppard Mullin"), attorneys of record for Defendant and Counterclaimant Forever 21, Inc. ("Forever 21"). I respectfully submit this declaration in support of Forever 21's Motion to Dismiss Patent Claims Or, Alternatively, Strike Wongab's Infringement Contentions. I have personal knowledge of the facts stated in this declaration, and if called as a witness I could and would testify thereto.

2. Attached hereto as **Exhibit 1** is a true and correct copy of an e-mail exchange between Martin Bader (counsel of record for Forever 21) and counsel of record for Wongab on March 6, 8, 15, and 23, 2017. I was copied on the e-mail exchange. As addressed in the e-mail, Forever 21 asked for an explanation of why Wongab failed to serve its patent infringement contentions on February 20, 2017 as required by the Court's Scheduling Order. Wongab's counsel's explanation was that it had failed to properly calendar the date infringement contentions were due, and represented on March 8 that it would serve its late infringement contentions "within a week, or no later than 10 days" (i.e., by March 18, 2017). In response, Forever 21 reserved all rights to seek relief for Wongab's failure to timely serve its infringement contentions, including seeking dismissal of the claims.

3. Attached hereto as **Exhibit 2** is a true and correct copy of Wongab's patent infringement contentions, as served on March 23, 2017 (not by March 18, 2017 as represented). Between March 8 and March 23, Wongab's counsel at no point informed Forever 21's counsel of any issues that would prevent Wongab from serving its infringement contentions by its own, unilaterally-determined deadline. Moreover, Wongab failed to produce any of the documents required to accompany

its infringement contentions under applicable Northern District of California ("ND") Patent L.R. 3-2.

4. Attached hereto as **Exhibit 3** is a true and correct copy of the Patent Local Rules promulgated by the ND. The parties agreed that the ND Patent Local Rules would apply in this case "with respect to Infringement and Invalidity Contentions." (Dkt. 19 at 13:10-15.)

5. Attached hereto as **Exhibit 4** is a true and correct copy of the meet and confer letter sent by Mr. Bader to counsel for Wongab on March 30, 2017, along with e-mail to which it was attached. I was copied on the e-mail exchange. The meet and confer letter informed Wongab's counsel of Wongab's failure to comply with the Court's Scheduling Order, as well as identifying the deficiencies present in Wongab's untimely patent infringement contentions. Specifically with respect to Forever 21's present motion, Forever 21 explained why Wongab's contentions corresponding to ND Patent L.R. 3-1(c), (e), (g), and (i) were deficient.

6. On April 11, 2017, a meet and confer teleconference was conducted discussing the deficiencies with Wongab's untimely infringement contentions. Sheppard Mullin partner, Rebecca Edelson, and myself participated on behalf of Forever 21. Scott Allen Burroughs participated on behalf of Wongab. Mr. Burroughs did not challenge that Wongab's contentions corresponding to ND Patent L.R. 3-1(c), (e), (g), and (i) were deficient, and represented that Wongab would serve revised infringement contentions, and the required documents, by April 21, 2017.

7. Attached hereto as **Exhibit 5** is a true and correct copy of an e-mail exchange between myself and counsel for Wongab on April 19 and 20, 2017. As addressed in the email, Mr. Burroughs reiterated that revised infringement contentions would be served. However, Mr. Burroughs incorrectly stated that "[a]s noted on the phone, I should be able to get that to you by the end of this week or early next week at the latest." In response on April 20, I corrected Mr. Burroughs

recollection, reminding him that he stated service of the contentions and the documents would occur "by end of this week," or April 21.  I also expressed that Forever 21 interpreted Mr. Burrough's indefinite "or early next week at the latest" as being no later than April 25, 2017.

8.   Attached hereto as **Exhibit 6** is a true and correct copy of Wongab's revised patent infringement contentions, as served on April 25, 2017.  The revised patent infringement contentions were served 64 days after the February 20, 2017 deadline in the Court's Scheduling Order.  Moreover, Wongab still failed to produce any of the documents required to accompany its infringement contentions under applicable ND Patent L.R. 3-2, despite representing in the meet and confer teleconference that such documents would accompany the revised contentions.  In the revised infringement contentions, Wongab only made changes to its contentions corresponding to ND Patent L.R. 3-1(b) and (c).  Wongab made no changes to its contentions with regards to allegations of infringement under the doctrine of equivalents, its claim of willful infringement, or its preservation of right to rely on its own products allegedly practicing the asserted claims.  (*Compare* Ex. 2 *with* Ex. 6.)

9.   Wongab served its first production of documents on May 5, 2017. Wongab did not provide any identification of what documents were produced, nor how they may relate to its infringement contentions.  ND Patent L.R. 3-2 enumerates different categories of documents required to be produced, related to the information required to be disclosed under ND Patent L.R. 3-1.  (*See* Ex. 3 , ND Patent L.R. 3-2 ("The producing party shall separately identify by production number which documents correspond to each category.").)  Wongab did not separately identify which produced documents correspond to each category, either in e-mail or in its supplemental responses to Forever 21's Requests for Production and Interrogatories.

10. In the event the Court grants Forever 21's Motion in any respect, Forever 21 requests attorneys' fees associated with its Motion pursuant to Fed. R. Civ. P. 16. Fed. R. Civ. P. 16(f)(2) ("Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorneys' fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."). Attached hereto as **Exhibit 7** is a true and correct copy of the time entries for myself and Mr. Bader from March 1, 2017 until May 15, 2017. Any information unassociated with this Motion has been redacted. These time entries cover case law research, drafting letters and communicating with opposing counsel regarding deficiencies with the infringement contentions, and drafting this Motion and accompanying papers. My rate is $475 per hour. My hourly rate is reasonable for this community based upon my years of experience and training, and the complexity of the issues presented by this case. As of May 15, 2017, I have spent 53.3 hours of work associated with this Motion, totaling $25,317.50 in fees.

11. Mr. Bader's discounted rate for this case is $595 per hour. This hourly rate is reasonable for this community based upon his years of experience and training, and the complexity of the issues presented by this case. As of May 15, 2017, Mr. Bader has spent 7.5 hours of work associated with this Motion, totaling $4,462.50 in fees. In the event a Reply brief, hearing, or other supplemental briefing is required, additional costs may be accrued at the same rates identified above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this declaration on May 17, 2017, at San Diego, California.

/s/ *Daniel Taskalos*
DANIEL TASKALOS

- 4 -   Case No.: 16CV5194 TJH (SS)
TASKALOS DECL. ISO F21'S MTD WONGAB'S PATENT CLAIMS, OR MTS INFRINGEMENT CONTENTIONS