# EXHIBIT 2

Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONGAB CORPORATION,<br><br>Plaintiff,<br><br><br>    v.<br><br><br>FOREVER 21, INC. DOES 1-10,<br><br>Defendants. | Case No.: 16-CV-5194-TJH (SSx)<br>*Honorable Terry J. Hatter Presiding*<br><br>**PLAINTIFF'S PATENT INFRINGEMENT CONTENTIONS** |

- 1 -

Contentions

Plaintiff Wongab Corporation ("Wongab") hereby makes the following contentions:

(a)      Each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. §271 asserted: Wongab asserts direct infringement under 35 U.S.C. §271(a) of the following claims of Patent No. 8,448,476 ("the '476 Patent") by Forever 21, Inc. ("F21") product no. 00076730 as well as any other products that incorporate the same lace fabric (collectively, the "Accused Products"):

(b)      Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process:

See Wongab's answer to (a) above.  Additionally, F21 identifies one of the Accused Products as  as 00076730, 00076730021, ZFF18, and 0526. (c) A chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function:

| Claim Chart: | Limitation of Claim: | Description of where found in Accused Product and Image: |
|---|---|---|
| 1 | Warp knitting | The Disputed Product is a garment that employs as |

| | |
|---|---|
| fabrics, comprising: a ground organization formed with warps knitted into a loop shape; and a pattern organization knitted on the ground organization | a ground fabric a fabric comprising warps knitted in a loop shape, with a pattern organization knitted on the ground organization. |
| Wherein the ground organization includes two or more unit designs continuously arranged in a transverse direction of the ground organization | The ground fabric on the Disputed Product includes multiple unit designs that are continuously arranged in a transverse direction of the ground fabric organization. See, e.g., Attachment B and the structures labelled "Unit Design #1" and "Unit Design #2." |
| Each of the unit designs comprises two or more unit organizations arranged in a longitudinal direction of the ground organization, | The ground fabric on the Disputed Product includes multiple organizations arranged in a longitudinal direction of the ground organization, with each unit of the ground fabric comprising a specific loop shape of a network structure formed by a chain of units with a unit organization that includes the same series of varying loop shapes. See, e.g., Attachment B and the structures labelled "Unit |

- 3 -

Contentions

| | | each of the unit organizations comprising a specific loop shape of a network structure formed by a chain of a specific chain number group comprising an array of a plurality of chain numbers, and each of the unit organizations has a different loop shape of a network structure from each other. | Organization #1" and "Unit Organization #2." |
|---|---|---|---|
| 2 | The warp knitting fabrics according to claim 1, wherein each of the unit organizations is formed by consecutively knitting a plurality of loops having the same shape in the | | In the Disputed Product each of the unit organizations is formed by consecutively knitted plurality of loops having thethe same shapes in the longitudinal direction |

-4-

Contentions

| | | | |
|---|---|---|---|
| | | longitudinal direction. | |
| | 3 | The warp knitting fabrics according to claim 1, wherein, the unit organizations are knitted by at least two ground guidebars linked with the chain of the specific chain number group comprising the array of the plurality of chain numbers. | In the Disputed Product the unite organizations are knitted by guidebars linked with the same specific chain number group comprising the same array of chain numbers. |
| | 4 | The warp knitting fabrics according to claim 1, wherein the loop shape of the network structure is any one of a quandrangular shape, a diamond shape, a lozenge shape, and a hexagonal shape. | In the Disputed Product has various loop shapes which include quadrangular, diamond, lozenge, and hexagonal shapes. |

- 5 -

Contentions

| 5 | The warp knitting fabrics according to claim 1, wherein the ground organization comprises at least two-row unit designs, and the unit organizations of any one unit design are arrayed in zigzag with the unit organizations of another unit design in the transverse direction. | In the Disputed Product the ground organization comprises multiple-row-unit designs and unit organization of unit design, arrayed in zigzag array with the unit organizations of another design in the transverse direction |
| 6 | The warp knitting fabrics according to claim 1, wherein the ground organization comprises at least two-row unit designs, and the unit organization of any one unit design are arrayed in parallel with unit the [sic - the unit] | in the Disputed Product the ground organization comprises multiple-row units designs, and the unit orgnization of any one unit design is parallel with the unit organizations of another unit design |

-6-

Contentions

| | | | |
|---|---|---|---|
| | | organizations of another unit design in the transverse direction. | |
| | 7 | The warp knitting fabrics according to claim 1, wherein the ground organization comprises at least two-row unit designs, and the width of any one unit design is wider than that of another unit design adjacent to the one unit design in the transverse direction. | in the Disputed Product  the ground organization includes multiple-unit row designs, and the width of any one unit design is wider than that of an adjacent unit design in the transverse direction. See, e.g., the varying widths of unit designs in Exhibit B. |
| | 8 | The warp knitting fabrics according to claim 1, wherein the length of one unit organization is longer than that of another unit organization | In the Disputed Product the length of one unit organization is longer than that of an adjacent unit in the longitudinal direction. |

- 7 -

Contentions

| adjacent to the one unit organization in the longitudinal direction. | |
|---|---|

(d)     For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described: F21 directly infringement by manufacturing, or causing to be manufactured, the Disputed Product and then marketing, distributing, and selling the Disputed Product.

Wongab alleges direct infringement.  Wongab does not allege indirect infringement.

(e)     Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality:

Wongab alleges that each limitation is literally met.

Alternatively, Wongab alleges that any limitations that are not literally met are met under the doctrine of equivalents.   (f) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled:

Each asserted claims is entitled to a priority date of March 4, 2010, as indicated in the "Foreign Application Priority Data" listed on the face of the '476 Patent.

- 8 -

Contentions

(g)    If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own or its licensee's apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim: Wongab's textiles incorporate the elements and composition of the patent and Wongab practices the patent by manufacturing, or causing to be manufactured, textiles, namely fabric, that incorporates the patented fabric.

(h)    Identify the timing of the point of first infringement, the start of claimed damages, and the end of claimed damages:

The infringement at issue began no later than May 2015. Damages began accruing as of at least that date and continued until the last date of sale.

(i)    If a party claiming patent infringement alleges willful infringement, the basis for such allegation:

If Forever 21 continued to market and sell the Accused Products after being served with the instant complaint, , such sales would constitute willful infringement absent a legally justified, good faith belief at the time of such sale that the '476 patent was invalid or not infringed, per the applicable case law that defines willfulness.

Additionally, Wongab reserves the right to determine through discovery whether Forever 21 was aware of the patent prior to being served with the instant complaint yet lacked a legally justified, good faith belief that the '476 patent was invalid or not infringed at the time that Forever 21 sold any of the Accused Products

Discovery is ongoing and the right to supplement is reserved.

- 9 -

Contentions

Dated:  March 23, 2017                    By:   _/s/ Scott A. Burroughs_
                                                 Scott A. Burroughs, Esq.
                                                 Trevor W. Barrett, Esq.
                                                 DONIGER /BURROUGHS
                                                 Attorneys for Plaintiff

- 10 -

Contentions

## ATTACHMENT A
### Figure 1



Fig. 6



- 11 -

Contentions



Fig. 5

Contentions

## ATTACHMENT B



- 13 -

Contentions