# EXHIBIT 4

| | |
|---|---|
| **From:** | Martin Bader |
| **Sent:** | Thursday, March 30, 2017 5:17 PM |
| **To:** | Scott Alan Burroughs; 'Trevor Barrett' |
| **Cc:** | 'Grace Garcia'; 'Erin Wilson'; Seong Kim; stephen@donigerlawfirm.com; jgomes@donigerlawfirm.com; Daniel Taskalos; Pamela Crawford; Kristina Grauer; LegalTm-F21-Wongab |
| **Subject:** | RE: Wongab v. Forever21 16-5194 |
| **Attachments:** | Ltr to Barrett re Deficient Infringement Contentions.pdf |

Scott,

Please see the attached letter. Please let me know when you are available on Monday or Tuesday to meet and confer.

Best Regards,
Martin

---

**From:** Scott Alan Burroughs [mailto:scott@donigerlawfirm.com]
**Sent:** Thursday, March 23, 2017 6:03 PM
**To:** Martin Bader ; 'Trevor Barrett'
**Cc:** 'Grace Garcia' ; 'Erin Wilson' ; Seong Kim ; stephen@donigerlawfirm.com; jgomes@donigerlawfirm.com; Daniel Taskalos ; Pamela Crawford ; Kristina Grauer ; LegalTm-F21-Wongab
**Subject:** RE: Wongab v. Forever21 16-5194

Martin:

Thank you for your patience. See attached for the contentions. As previously noted, we agree to the reciprocal extension of time. A copy of the contentions has also gone out by mail.

Regards,

Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Phone: (310) 590-1820
Electronic: scott@donigerlawfirm.com
Website: www.donigerlawfirm.com

---

**From:** Martin Bader [mailto:MBader@sheppardmullin.com]
**Sent:** Wednesday, March 15, 2017 5:07 PM
**To:** Scott Alan Burroughs <scott@donigerlawfirm.com>; 'Trevor Barrett' <tbarrett@donigerlawfirm.com>
**Cc:** 'Grace Garcia' <ggarcia@donigerlawfirm.com>; 'Erin Wilson' <ewilson@donigerlawfirm.com>; Seong Kim <SHKim@sheppardmullin.com>; stephen@donigerlawfirm.com; jgomes@donigerlawfirm.com; Daniel Taskalos <DTaskalos@sheppardmullin.com>; Pamela Crawford <PCrawford@sheppardmullin.com>; Kristina Grauer <KGrauer@sheppardmullin.com>; LegalTm-F21-Wongab <LegalTm-F21-Wongab@sheppardmullin.com>
**Subject:** RE: Wongab v. Forever21 16-5194

Scott,

I am not sure what you are talking about with respect to discovery requests. We need updated initial disclosures from you – I don't believe there are any pending discovery requests to Forever 21 that are outstanding.

With respect to the infringement contentions, please get them to us immediately. We will certainly need a reciprocal extension for the invalidity contentions at least as long as the amount of time past the original due date that it takes Wongab to serve its infringement contentions. We are already risking having to modify the entire schedule since the contentions are now nearly a month overdue, so that will need to be addressed as well. Moreover, to the extent that Wongab's infringement contentions are deficient in any manner, we reserve all rights including dismissal of the patent infringement claims.

Best Regards,
Martin

---

**From:** Scott Alan Burroughs [mailto:scott@donigerlawfirm.com]
**Sent:** Wednesday, March 08, 2017 1:30 PM
**To:** Martin Bader <MBader@sheppardmullin.com>; 'Trevor Barrett' <tbarrett@donigerlawfirm.com>
**Cc:** 'Grace Garcia' <ggarcia@donigerlawfirm.com>; 'Erin Wilson' <ewilson@donigerlawfirm.com>; Seong Kim <SHKim@sheppardmullin.com>; stephen@donigerlawfirm.com; jgomes@donigerlawfirm.com; Daniel Taskalos <DTaskalos@sheppardmullin.com>; Pamela Crawford <PCrawford@sheppardmullin.com>; Kristina Grauer <KGrauer@sheppardmullin.com>; LegalTm-F21-Wongab <LegalTm-F21-Wongab@sheppardmullin.com>
**Subject:** RE: Wongab v. Forever21 16-5194

Martin:

Apologies, I believe we may have calendared this date out as per the reciprocal extensions and then it was lost in the shuffle. In any event, we should have them to you within a week, or no later than 10 days. We are of course agreeable to extending your response date to both the discovery requests and response to our contentions by the amount of time our contentions are overdue, which is often how the matter is addressed by the courts. See *Infeneon Techs. v. Volterra Semiconductor*, No. 11-c-06239-DMR, 2013 WL 322570, at *5 (N.D. Cal. Jan. 28, 2013)(staying discovery "[u]ntil plaintiff meets the burden of providing infringement contentions compliant with Patent L.R. 3-1."). Let us know if this doesn't work on your end, and we can further discuss on Monday.

Regards,

Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Phone: (310) 590-1820
Electronic: scott@donigerlawfirm.com
Website: www.donigerlawfirm.com

---

**From:** Martin Bader [mailto:MBader@sheppardmullin.com]
**Sent:** Monday, March 6, 2017 3:48 PM
**To:** 'Trevor Barrett' <tbarrett@donigerlawfirm.com>
**Cc:** 'Grace Garcia' <ggarcia@donigerlawfirm.com>; 'Erin Wilson' <ewilson@donigerlawfirm.com>; Seong Kim <SHKim@sheppardmullin.com>; stephen@donigerlawfirm.com; jgomes@donigerlawfirm.com; Daniel Taskalos <DTaskalos@sheppardmullin.com>; Pamela Crawford <PCrawford@sheppardmullin.com>; Kristina Grauer <KGrauer@sheppardmullin.com>; scott@donigerlawfirm.com; LegalTm-F21-Wongab <LegalTm-F21-Wongab@sheppardmullin.com>
**Subject:** RE: Wongab v. Forever21 16-5194

Trevor,

I wanted to follow-up on a few issues. First, we did not receive a response to my e-mail below regarding initial disclosures, nor have we received updated initial disclosures that cure the below deficiencies. Please confirm you will update them accordingly.

Second, Wongab's infringement contentions were due on February 20, 2017 (see attached). We have not received them. Please explain why they have not yet been served. Forever 21 reserves all rights, including dismissal of Wongab's patent infringement claims for Wongab's failure to comply with the case schedule.

Best Regards,
Martin

---

**From:** Martin Bader
**Sent:** Tuesday, January 31, 2017 5:01 PM
**To:** 'Trevor Barrett' <tbarrett@donigerlawfirm.com>
**Cc:** 'Grace Garcia' <ggarcia@donigerlawfirm.com>; 'Erin Wilson' <ewilson@donigerlawfirm.com>; Seong Kim <SHKim@sheppardmullin.com>; stephen@donigerlawfirm.com; jgomes@donigerlawfirm.com; Daniel Taskalos <DTaskalos@sheppardmullin.com>; Pamela Crawford <PCrawford@sheppardmullin.com>; Kristina Grauer <KGrauer@sheppardmullin.com>; scott@donigerlawfirm.com; LegalTm-F21-Wongab <LegalTm-F21-Wongab@sheppardmullin.com>
**Subject:** RE: Wongab v. Forever21 16-5194

Trevor

Thanks – we will put the schedule in the Rule 26 report.

We also write to address a few inadequacies in Wongab's Initial Disclosures dated January 10, 2017, including:

- Large portions of Wongab's Initial Disclosures appear to be copied from initial disclosures from another case or cases. E.g., although there is only one named defendant in our case, the Initial Disclosures refer to "Retailer Defendants" and "Vendor Defendants"; although there is only one design at issue, the Initial Disclosures refer to "design<u>s</u> at issue" and "copyright<u>s</u> registration<u>s</u>." These are just a few examples of the perceived inapplicable boilerplate.

- Wongab's Initial Disclosures also fail to identify witnesses that it should be able to identify by name and instead refer to them by category (e.g., "Wongab's design team"; Wongab's employees in charge of sampling and production"; "Wongab's sales representatives").

- The Damages section fails to state that Wongab will produce "the documents or evidentiary material … on which each computation is based" as if there had been a formal request for production under Rule 34. FRCP 26(a)(1)(A)(iii).

- The statement regarding Insurance is non-responsive. Wongab must state whether it is aware of any insurance that may apply to Forever 21's counterclaim and produce a copy if there is such a policy.

Please provide revised Initial Disclosures that cure the above deficiencies by February 13, 2017. If you do not agree to revise the initial disclosures to address all of the above deficiencies, please let us know when you are available for a meet and confer during the week of March 6. We are generally available.

Best Regards,
Martin

**From:** Trevor Barrett [mailto:tbarrett@donigerlawfirm.com]
**Sent:** Monday, January 30, 2017 5:41 PM
**To:** Martin Bader <MBader@sheppardmullin.com>
**Cc:** 'Grace Garcia' <ggarcia@donigerlawfirm.com>; 'Erin Wilson' <ewilson@donigerlawfirm.com>; Seong Kim <SHKim@sheppardmullin.com>; stephen@donigerlawfirm.com; jgomes@donigerlawfirm.com; Daniel Taskalos <DTaskalos@sheppardmullin.com>; Pamela Crawford <PCrawford@sheppardmullin.com>; Kristina Grauer <KGrauer@sheppardmullin.com>; scott@donigerlawfirm.com; LegalTm-F21-Wongab <LegalTm-F21-Wongab@sheppardmullin.com>
**Subject:** RE: Wongab v. Forever21 16-5194

Martin,

The schedule is agreeable, please insert into the joint report.

Best,

Trevor W. Barrett, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Electronic: tbarrett@donigerlawfirm.com
Website: www.donigerlawfirm.com
THIS MESSAGE IS CONFIDENTIAL
ATTORNEY WORK-PRODUCT
AND SHOULD NOT BE DISSEMINATED.

---

**From:** Martin Bader [mailto:MBader@sheppardmullin.com]
**Sent:** Monday, January 30, 2017 3:55 PM
**To:** 'Trevor Barrett'
**Cc:** 'Grace Garcia'; 'Erin Wilson'; Seong Kim; stephen@donigerlawfirm.com; jgomes@donigerlawfirm.com; Daniel Taskalos; Pamela Crawford; Kristina Grauer; scott@donigerlawfirm.com; LegalTm-F21-Wongab
**Subject:** RE: Wongab v. Forever21 16-5194

Trevor,

Thanks for the call. I look forward to hearing from you on the schedule we had originally put together. I have reattached it for your convenience.

Also, thank you for agreeing that the attached discovery from Wongab to Forever21 that was previously served on January 10, 2017 (and that Forever21 believes was premature) will be deemed to have been served today. We will respond accordingly.

Best Regards,
Martin

---

**From:** Trevor Barrett [mailto:tbarrett@donigerlawfirm.com]
**Sent:** Monday, January 30, 2017 2:33 PM
**To:** Martin Bader <MBader@sheppardmullin.com>
**Cc:** 'Grace Garcia' <ggarcia@donigerlawfirm.com>; 'Erin Wilson' <ewilson@donigerlawfirm.com>; Seong Kim <SHKim@sheppardmullin.com>; stephen@donigerlawfirm.com; jgomes@donigerlawfirm.com; Daniel Taskalos <DTaskalos@sheppardmullin.com>; Pamela Crawford <PCrawford@sheppardmullin.com>; Kristina Grauer

<KGrauer@sheppardmullin.com>; scott@donigerlawfirm.com
**Subject:** RE: Wongab v. Forever21 16-5194

Martin,

Please give me a call around 3:30 PT. Thank you.

Best,

Trevor W. Barrett, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Electronic: tbarrett@donigerlawfirm.com
Website: www.donigerlawfirm.com
THIS MESSAGE IS CONFIDENTIAL
ATTORNEY WORK-PRODUCT
AND SHOULD NOT BE DISSEMINATED.

---

**From:** Martin Bader [mailto:MBader@sheppardmullin.com]
**Sent:** Monday, January 30, 2017 2:40 PM
**To:** 'Trevor Barrett'
**Cc:** 'Grace Garcia'; 'Erin Wilson'; Seong Kim; stephen@donigerlawfirm.com; jgomes@donigerlawfirm.com; Daniel Taskalos; Pamela Crawford; Kristina Grauer; scott@donigerlawfirm.com
**Subject:** RE: Wongab v. Forever21 16-5194

Trevor,

I apologize. Are you still free to talk? I am available now and for the next couple of hours.

Thanks,
Martin

---

**From:** Trevor Barrett [mailto:tbarrett@donigerlawfirm.com]
**Sent:** Monday, January 30, 2017 1:53 PM
**To:** Martin Bader <MBader@sheppardmullin.com>
**Cc:** 'Grace Garcia' <ggarcia@donigerlawfirm.com>; 'Erin Wilson' <ewilson@donigerlawfirm.com>; Seong Kim <SHKim@sheppardmullin.com>; stephen@donigerlawfirm.com; jgomes@donigerlawfirm.com; Daniel Taskalos <DTaskalos@sheppardmullin.com>; Pamela Crawford <PCrawford@sheppardmullin.com>; Kristina Grauer <KGrauer@sheppardmullin.com>; scott@donigerlawfirm.com
**Subject:** RE: Wongab v. Forever21 16-5194

Martin,

I called but couldn't get a hold of you. In any event, I have attached the draft Rule 26 joint report hereto. Please insert your clients' portions in redline and remit so that we can try to get a concrete schedule ordered by the Court. Please also let me know when you will be free for our conference. Thank you.

Best,

Trevor W. Barrett, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Electronic: tbarrett@donigerlawfirm.com
Website: www.donigerlawfirm.com
THIS MESSAGE IS CONFIDENTIAL
ATTORNEY WORK-PRODUCT
AND SHOULD NOT BE DISSEMINATED.

---

**From:** Martin Bader [mailto:MBader@sheppardmullin.com]
**Sent:** Wednesday, January 25, 2017 1:55 PM
**To:** 'Trevor Barrett'
**Cc:** 'Grace Garcia'; 'Erin Wilson'; Seong Kim; stephen@donigerlawfirm.com; jgomes@donigerlawfirm.com; Daniel Taskalos; Pamela Crawford; Kristina Grauer; scott@donigerlawfirm.com
**Subject:** RE: Wongab v. Forever21 16-5194

Trevor,

Sorry for the delayed response. I have a huge deadline this Friday in another case. Can we set up a call on Monday or Tuesday next week? I am fairly open both days, except on Monday the earliest I could do it would be 10:30 am.

Thanks,
Martin

---

**From:** Trevor Barrett [mailto:tbarrett@donigerlawfirm.com]
**Sent:** Friday, January 20, 2017 11:14 AM
**To:** Martin Bader <MBader@sheppardmullin.com>
**Cc:** 'Grace Garcia' <ggarcia@donigerlawfirm.com>; 'Erin Wilson' <ewilson@donigerlawfirm.com>; Seong Kim <SHKim@sheppardmullin.com>; stephen@donigerlawfirm.com; jgomes@donigerlawfirm.com; Daniel Taskalos <DTaskalos@sheppardmullin.com>; Pamela Crawford <PCrawford@sheppardmullin.com>; Kristina Grauer <KGrauer@sheppardmullin.com>; scott@donigerlawfirm.com
**Subject:** RE: Wongab v. Forever21 16-5194

Martin,

When would work for you next week? Please advise. Thank you.

Best,

Trevor W. Barrett, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Electronic: tbarrett@donigerlawfirm.com
Website: www.donigerlawfirm.com
THIS MESSAGE IS CONFIDENTIAL
ATTORNEY WORK-PRODUCT
AND SHOULD NOT BE DISSEMINATED.

**From:** Martin Bader [mailto:MBader@sheppardmullin.com]
**Sent:** Friday, January 20, 2017 11:32 AM
**To:** 'scott@donigerlawfirm.com'
**Cc:** 'Grace Garcia'; 'Trevor Barrett'; 'Erin Wilson'; Seong Kim; 'stephen@donigerlawfirm.com'; 'jgomes@donigerlawfirm.com'; Daniel Taskalos; Pamela Crawford; Kristina Grauer
**Subject:** RE: Wongab v. Forever21 16-5194

Dear Scott,

We received Wongab's initial disclosures and also its First Set of RFA's, Interrogatories, and RFPs. We were a bit surprised to see the discovery requests because the parties have never held a Rule 26(f) conference, and thus, pursuant to Rule 26(d), the discovery is premature and impermissible:

> Rule 26(d): (1) Timing. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

As a courtesy, so that you do not need to re-serve the discovery, we will consider it properly served on the day we hold the Rule 26(f) conference. Please let us know when you are available to conduct the Rule 26(f) conference. Additionally, for discussion during the Rule 26(f) conference, we have attached a proposed case schedule for your review and consideration.

I look forward to hearing from you.

Best Regards,
Martin

Martin R. Bader
858.720.7446 | direct
858.847.4883 | direct fax
MBader@sheppardmullin.com | Bio

**SheppardMullin**
Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130-2006
858.720.8900 | main
www.sheppardmullin.com

---

**From:** Erin Wilson [mailto:ewilson@donigerlawfirm.com]
**Sent:** Tuesday, January 10, 2017 2:04 PM
**To:** Martin Bader <MBader@sheppardmullin.com>; Seong Kim <SHKim@sheppardmullin.com>
**Cc:** 'Grace Garcia' <ggarcia@donigerlawfirm.com>; 'Trevor Barrett' <tbarrett@donigerlawfirm.com>
**Subject:** Wongab v. Forever21 16-5194

Counsel:

Please find attached Plaintiff's Initial Disclosures, as well as Requests for Production of Documents, Requests for Admission, and Interrogatories propounded upon Defendant Forever 21, Inc. You will also receive copies by mail.

Very truly yours,
Erin Wilson, Paralegal
DONIGER / BURROUGHS

603 Rose Avenue
Venice, California 90291
Phone: (310) 590-1820
Electronic: ewilson@donigerlawfirm.com
Website: www.donigerlawfirm.com
THIS MESSAGE IS LAWFIRM WORK PRODUCT
AND SHOULD NOT BE DISSEMINATED

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
858.720.8900 main
858.509.3691 fax
www.sheppardmullin.com

Martin R. Bader
858.720.7446 direct
mbader@sheppardmullin.com

File Number:  36LR-247296

March 30, 2017

**VIA E-MAIL**

Scott A. Burroughs, Esq.
Trevor W. Barrett, Esq.
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
E-Mail: tbarrett@donigerlawfirm.com
         scott@donigerlawfirm.com

Re:    *Wongab Corp. v. Forever 21, Inc.*, Case No. 16-cv-05194-TJH (SS) (C.D. Cal.)

Dear Counsel:

I write with respect to Wongab's belated patent infringement contentions served on Thursday, March 23, 2017.  The contentions are grossly deficient, fail to meet the basic requirements of the applicable patent local rules, and were served 32 days past the February 20, 2017 deadline.  Thus, Forever 21 will seek to have Wongab's patent infringement contentions stricken, and will seek to have the patent claims dismissed from this action.

**Wongab's Failure to Comply With Case Schedule**

Wongab has failed to comply with the case schedule.  Wongab's initial patent infringement contentions were due no later than February 20, 2017.  *See* Order Granting Entry of Case Schedule and Continuing Pre-Trial Conference, Dkt. No. 21, at p. 4 (Feb. 17, 2017).  Yet, Wongab failed to serve its patent infringement contentions within the deadline.

On March 6, 2017, Forever 21 inquired regarding Wongab's failure to serve its patent infringement contentions, reserving Forever 21's rights to seek relief, including dismissal of Wongab's claims for failing to comply with the case schedule.  Receiving no response, Forever 21 again inquired on March 8, and reiterated its request for an explanation for the failure to timely serve the infringement contentions.  On March 8, Wongab responded that it "should have them to [Forever 21] within a week, or no later than 10 days."  On March 15, Forever 21 further explained that Wongab's failure to timely produce infringement contentions threatened the entire case schedule, and indicated that Forever 21 reserved its right to seek dismissal of the patent infringement claims if the untimely infringement contentions were deficient in any manner.

# SheppardMullin

Scott Burroughs
Trevor Barrett
March 30, 2017
Page 2

On March 23, 2017 (two full weeks after Forever 21's initial inquiry, and over a month after the deadline) Wongab finally served its infringement contentions (although as described below, they are grossly deficient). Wongab has never sought an extension of time from the Court to deviate from the Court's scheduling order.

Wongab's inexcusable delay in fully and completely identifying its patent infringement contentions has severely prejudiced Forever 21's ability to prepare invalidity contentions. This severe prejudice is further compounded by the major deficiencies in Wongab's belated infringement contentions, which continues to hinder Forever 21's ability to prepare invalidity contentions and otherwise efficiently develop its defenses and obtain relevant discovery. Moreover, Wongab's inexcusable delay will now impact and delay the entire case schedule.

**Deficiencies of Wongab's Initial Patent Infringement Contentions**

Wongab agreed the Patent Local Rules of the Northern District of California would govern the patent contentions in this case. *See* Joint Rule 26(f) Report, Dkt. No. 19, at p. 13 (Feb. 13, 2017). As recognized in the Northern District of California, infringement contentions are not only a form of discovery "but [] also act as forms of pleading that disclose the parties' theories of their case and thereby shape discovery and the issues to be determined at trial." *See Apple Inc. v. Samsung Elecs. Co.*, No. 12-CV-00630-LHK (PSG), 2013 WL 3246094, at *3 (N.D. Cal. Jun. 26, 2013). The purpose of infringement contentions is to require the patentee to "clearly identify and explain how the … accused product infringes upon specific claims for the patent-in-suit." *See B-K Lighting, Inc. v. Vision3 Lighting*, 930 F. Supp. 2d 1102, 1134 (C.D. Cal. Mar. 11, 2013) (internal quotations and citation omitted).

To this end, Patent Local Rule 3-1 lays out the requirements for a plaintiff's patent infringement contentions, including the level of specificity required. As will be discussed in greater detail below, Wongab's contentions comprise mainly conclusory statements or mere recitation of claim language that fails to identify with any specificity Wongab's positions as to how Forever 21 allegedly infringes the asserted claims of U.S. Patent No. 8,448,476 ("the '476 Patent"). Infringement contentions are not meant to serve merely to create paper for the record, but are meant to help Forever 21 identify and understand Wongab's position with respect to infringement, such that Forever 21 may meaningful develop a response and narrow the focus of discovery efforts. Wongab's conclusory statements fails to provide any clarity as to its position, and unduly prejudices Forever 21.

Under Patent Local Rule 3-1(b), the patent owner is required to identify "[s]eparately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality … of which the [patentee] is aware" that allegedly infringes that claim. The identification must be as specific as possible, including by "name or model number, if known."

# SheppardMullin

Scott Burroughs
Trevor Barrett
March 30, 2017
Page 3

*Id.* Wongab's contentions are deficient with respect to this requirement. Wongab contends that Forever 21 "identifies one of the Accused Products as as [*sic*] 00076730, 00076730021, ZFF18, and 0526." *See* Wongab's Patent Infringement Contentions, at 2, item (b) (March 23, 2017) [hereinafter Wongab's Contentions]. It is unclear what are the specific products Wongab's asserts are allegedly infringing the claims of the '476 Patent. Moreover, Forever 21 has not identified any products having SKU codes resembling "ZFF18, and 0526."

Patent Local Rule 3-1(c) further requires a chart that identifies "specifically where and how each limitation of each asserted claim is found within each" of the Accused Products. Wongab's chart fails to provide the required specific identification required under Patent Local Rule 3-1(c). *See* Wongab's Contentions, at 2–8, item (c). Given the great number of deficiencies, Attachment A to this letter outlines the all of the problems with Wongab's infringement contentions as they relate to Patent Local Rule 3-1(c).

Patent Local Rule 3-1(e) further requires Patentees to identify whether "each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents." Wongab's apparent attempt to meet this requirement consists solely of stating "Wongab alleges that each limitation is literally met." *See* Wongab's Contentions, at 8, item (e). However, in view of the deficiencies with respect to the chart provided mentioned above and discussed in detail in Attachment A, Wongab has failed to show how each limitation is literally met by the Accused Product, let alone why it believes such limitation might be met under the doctrine of equivalents ("DOE").

Further with respect to Patent Local Rule 3-1(e), Wongab merely concludes that: "Alternatively, Wongab alleges that any limitations that are not literally met are met under the doctrine of equivalents." This is wholly insufficient to comply with Wongab's requirements under Patent Local Rule 3-1. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2015 WL 1517920, at *10 (N.D. Cal. Apr. 2, 2015) (striking portion of infringement contentions asserting doctrine of equivalents). Simply concluding that a limitation is met under the DOE is nothing more than a conclusion, and does provide Forever 21 any information regarding the basis for Wongab's infringement contentions. Wongab is required to explain "how" the limitation would be met under the DOE, not simply state a conclusion.

Under Patent Local rule 3-1(g), if a patentee "wishes to preserve the right to rely, for any purpose, on the assertion that its own or its licensee's [products] practice[] the claimed invention," the patentee is required to "identify, separately for each asserted claim," which of its products "incorporate or reflect that particular claim." Wongab merely states "Wongab's textiles incorporate the elements and composition of the patent and Wongab practices the patent by manufacturing, or causing to be manufactured, textiles, namely fabric, that incorporates the patented fabric." *See* Wongab's Contentions, at 9, item (g). This conclusory statement fails to provide the required identification required under the Patent Local Rule. Not only does Wongab

# SheppardMullin

Scott Burroughs
Trevor Barrett
March 30, 2017
Page 4

fail to identify a single one of its products that allegedly practices the invention (merely identifying "Wongab's textiles"), it fails to provide the claim-by-claim identification required.

Finally, under Patent Local Rule 3-1(i), a patentee alleging willful infringement is required to provide "the basis for such allegation." Wongab's contentions fail to provide its basis for willful infringement. *See* Wongab's Contentions, at 9, item (i). Wongab merely states its own, unsupported characterization of the willful infringement standard, which fails to constitute Wongab's basis for seeking a type of relief the Supreme Court itself has reiterated is generally reserved for "egregious cases of culpable behavior" beyond typical infringement." *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). Wongab fails to identify any facts whatsoever justifying awarding enhanced damages. In fact, Wongab's contention fails to ***affirmatively*** state that Forever 21 has conducted any action that may potentially support a claim of willful infringement. As explained above, the point of infringement contentions is to help clarify the patent owner's position as to infringement, not to throw out place holders for any possible claim in the hopes that evidence may eventually be found. Wongab's failure to point to any facts is directly contrary to the point of infringement contentions. *See Finjan*, 2015 WL 1517920, at *5–6 ("The party claiming infringement is required to include in its infringement contention all facts known to it, including those discovered in its pre-filing inquiry.") (internal quotations and citations omitted). Absent a factual basis, Wongab's mere wishful aspiration that "maybe" Forever 21's action "might" rise to the level of willful infringement fails to satisfy the requirements of the Patent Local Rules.

Moreover, Wongab's contention makes clear that it was not in possession of any facts providing a basis to claim willful infringement at the time the complaint was filed. Wongab does not identify a single fact alleging that Forever 21 had notice of the '476 Patent prior to the date the suit was filed. In item (i), Wongab makes it clear that it is without any facts which would serve as the basis for a willful infringement claim at the time the complaint was filed. *See* Wongab's Contentions, at 9, item (i).

**Forever 21 Will Seek to Strike Wongab's Infringement Contentions and Dismiss Its Patent Claims**

In view of Wongab's failure to timely serve infringement contentions, and the fact that its infringement contentions are wholly non-compliant with the Patent Local Rules, Forever 21 will seek to have Wongab's patent infringement contentions stricken, and to have Wongab's patent claims dismissed for failure to comply with the case schedule. Fed. R. Civ. P. 16(f)(1)(C); *see Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007); *Guru Denim, Inc. v. Hayes*, No. 08-CV-04493, 2010 WL 1734925, at *2, *4 (C.D. Cal. Apr. 28, 2010).

# SheppardMullin

Scott Burroughs
Trevor Barrett
March 30, 2017
Page 5

Wongab had seven months from the date the complaint was filed (July 14, 2016) until the infringement contentions were served on (March 23, 2017) to develop its position as to how the Accused Product allegedly infringes the claims of the '476 Patent. This does not include the time of Wongab's alleged pre-filing investigation, which is required under Fed. R. Civ. P. 11. Yet, despite all this time, Wongab was unable to meet its obligations to provide contentions within the agreed upon case schedule. Moreover, as explained above, the untimely infringement contentions that were finally produced are wholly deficient and fail to meet the majority of the requirements under the applicable Patent Local Rules. Wongab's actions have and continue to severely prejudice Forever 21.

Finally, the current situation is easily distinguishable from the case law cited by Wongab in its March 8 correspondence. On March 8, Wongab alleged that reciprocal extensions of time for the opposing side "is often how [this] matter is addressed by the courts." However, in *Infineon*, the plaintiff complied with the schedule in the case, and the dispute concerned only whether the timely served infringement contentions complied with the Patent Local Rules. *Infineon Techs. v. Volterra Semiconductor*, No. 11-c-06239-DMR, 2013 WL 322570, at *1 (N.D. Cal. Jan. 28, 2013). The cases cited by the court in *Infineon* also do not deal with the situation in this action. *See Bender v. Maxim Integrated Prods., Inc.*, No. 09-1152 SI, 2010 WL 1135762 (N.D. Cal. Mar. 22, 2010); *Shared Memory Graphics, LLC v. Apple, Inc.*, No. 10-2475 MMC (JSC), 2011 WL 3878388 (N.D. Cal. Sep. 2, 2011). The issue here goes well-beyond a mere dispute over the level of detail provided, but instead are based on Wongab's complete failure to abide by the case schedule and the requirements of the Patent Local Rules.

We are available to meet and confer anytime on Monday April 3 or Tuesday April 4. A failure to participate in a meet and confer by Tuesday April 4 will be construed as a refusal to comply with Local Rule 7-3 of the Central District of California, after which Forever 21 will bring the motion to strike and dismiss. Please let me know what time works for you on April 3 or 4.

Best regards,

/Martin R. Bader/

Martin R. Bader
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

CC: SEONG H. KIM, ESQ.
BCC: CASE EMAIL GROUP

## ATTACHMENT A

| Claim Chart: | Limitation of Claim: | Wongab's Contention: | Deficiencies in Wongab's Contentions: |
|---|---|---|---|
| 1 | Warp knitting fabrics, comprising: a ground organization formed with warps knitted into a loop shape; and a pattern organization knitted on the ground organization | "The Dispute Product is a garment that employs as a ground fabric a fabric comprising warps knitted in a loop shape, with a pattern organization knitted on the ground organization." | Wongab fails to identify "specifically where and how" the elements of the limitation are present within the Accused Product. Nowhere does Wongab identify in the Accused Product the "ground organization," "warps knitted into a loop shape," or the "pattern organization." This is merely a recitation of the claim language without any specific reference to the Accused Product.<br><br>This "contention" fails to clarify Wongab's position regarding how the Accused Product allegedly infringes the limitation. |
| | Wherein the ground organization includes two or more unit designs continuously arranged in a transverse direction of the ground organization | "The ground fabric on the Disputed Product includes multiple unit designs that are continuously arranged in a transverse direction of the ground fabric organization. See, e.g., Attachment B and the structures labelled 'Unit Design #1' and 'Unit Design #2.'" | Wongab fails to identify "specifically where and how" the elements of the limitation are present within the Accused Product. Wongab does not provide any explanation as to how the areas vaguely marked as "Unit Design #1" and "Unit Design #2" constitute "two or more unit designs continuously arranged in a transverse direction of the ground organization."<br><br>This "contention" fails to clarify Wongab's position regarding how the Accused Product allegedly infringes the limitation. |
| | Each of the unit designs comprises two or more unit organizations arranged in a longitudinal direction of the ground organization, each of | "The ground fabric on the Disputed Product includes multiple organizations arranged in a longitudinal direction of the ground organization, with each unit of the | Wongab fails to identify "specifically where and how" the elements of the limitation are present within the Accused Product. Wongab does not provide any explanation as to how the |

|   |   |   |   |
|---|---|---|---|
|   | the unit organizations comprising a specific loop shape of a network structure formed by a chain of a specific chain number group comprising an array of a plurality of chain numbers, and each of the unit organizations has a different loop shape of a network structure from each other. | ground fabric comprising a specific loop shape of a network structure formed by a chain of units with a unit organization that includes the same series of varying loop shapes. See, e.g., Attachment B and the structures labelled 'Unit Organization #1' and 'Unit Organization #2.'" | areas marked as "Unit Organization #1" and "Unit Organization #2" constitute "two or more unit organizations arranged in a longitudinal direction of the ground organization." Moreover, nowhere does Wongab specifically identify how or where "each of the unit organizations has a different loop shape of a network structure from each other."<br><br>Wongab fails to even provide any reference to the remainder of the limitation, which requires "each of the unit organizations comprising a specific loop shape of a network structure formed by a chain of a specific chain number group comprising an array of a plurality of chain numbers."<br><br>This "contention" fails to clarify Wongab's position regarding how the Accused Product allegedly infringes the limitation. |
| 2 | The warp knitting fabrics according to claim 1, wherein each of the unit organizations is formed by consecutively knitting a plurality of loops having the same shape in the longitudinal direction. | "In the Disputed Product each of the unit organizations is formed by consecutively knitted plurality of loops having thethe [sic] same shapes in the longitudinal direction." | Wongab fails to identify "specifically where and how" the elements of the limitation are present within the Accused Product. Wongab does not specifically identify how or where in the Accused Product the deficiently identified "unit organizations" are "formed by consecutively knitting a plurality of loops having the same shape in the longitudinal direction." Wongab merely recites back the claim language and makes the conclusory statement that the Accused Product meets this |

| | | | |
|---|---|---|---|
| | | | limitation.<br><br>This "contention" fails to clarify Wongab's position regarding how the Accused Product allegedly infringes the limitation. |
| 3 | The warp knitting fabrics according to claim 1, wherein the unit organizations are knitted by at least two ground guidebars linked with the chain of the specific chain number group comprising the array of the plurality of chain numbers. | "In the Disputed Product the unite organizations are knitted by guidebars linked with the same specific chain number group comprising the same array of chain numbers." | Wongab fails to identify "specifically where and how" the elements of the limitation are present within the Accused Product. Wongab does not specifically identify how or where in the Accused Product the deficiently identified "unit organizations" are formed by "linked with the chain of the specific chain number group comprising the array of the plurality of chain numbers." Wongab merely recites back the claim language and makes the conclusory statement that the Accused Product meets this limitation.<br><br>This "contention" fails to clarify Wongab's position regarding how the Accused Product allegedly infringes the limitation. |
| 4 | The warp knitting fabrics according to claim 1, wherein the loop shape of the network structure is any one of a quadrangular shape, a diamond shape, a lozenge shape, and a hexagonal shape. | "In the Disputed Product has [sic] various loop shapes which include quadrangular, diamond, lozenge, and hexagonal shapes." | Wongab fails to identify "specifically where and how" the elements of the limitation are present within the Accused Product. Wongab does not specifically identify how or where in the Accused Product a single one of the recited "loop shapes" are present. Wongab merely recites back the claim language and makes the conclusory statement that the Accused Product meets this limitation. |

| | | | This "contention" fails to clarify Wongab's position regarding how the Accused Product allegedly infringes the limitation. |
|---|---|---|---|
| 5 | The warp knitting fabrics according to claim 1, wherein the ground organization comprises at least two-row unit designs, and the unit organizations of any one unit design are arrayed in zigzag with the unit organizations of another unit design in the transverse direction. | "In the Disputed Product the ground organization comprises multiple-row-unit designs and unit organization of unit design, arrayed in zigzag array with the unit organizations of another design in the transverse direction." | Wongab fails to identify "specifically where and how" the elements of the limitation are present within the Accused Product. Nowhere does Wongab specifically identify in the Accused Product the "at least two-row unit designs." Moreover, Wongab fails to specifically identify how or where in the Accused Product "the unit organizations of any one unit design are arrayed in zigzag with the unit organizations of another unit design in the transverse direction." Again, Wongab merely recites back the claim language and relies on a conclusory statement.<br><br>This "contention" fails to clarify Wongab's position regarding how the Accused Product allegedly infringes the limitation. |
| 6 | The warp knitting fabrics according to claim 1, wherein the ground organization comprises at least two-row unit designs, and the unit organization of any one unit design are arrayed in parallel with [the unit] organizations of another unit design in the transverse direction. | "[I]n the Disputed Product the ground organization comprises multiple-row units designs, and the unit organization of any one unit design is parallel with the unit organizations of another unit design." | Wongab fails to identify "specifically where and how" the elements of the limitation are present within the Accused Product. Nowhere does Wongab specifically identify in the Accused Product the "at least two-row unit designs." Moreover, Wongab fails to specifically identify how or where in the Accused Product "the unit organization of any one unit design are arrayed in parallel with [the unit] organizations of another unit design in the transverse direction." Again, Wongab |

| | | | |
|---|---|---|---|
| | | | merely recites back the claim language and relies on a conclusory statement.<br><br>This "contention" fails to clarify Wongab's position regarding how the Accused Product allegedly infringes the limitation. |
| 7 | The warp knitting fabrics according to claim 1, wherein the ground organization comprises at least two-row unit designs, and the width of any one unit design is wider than that of another unit design adjacent to the one unit design in the transverse direction. | "[I]n the Disputed Product the ground organization includes multiple-unit row designs, and the width of any one unit design is wider than that of an adjacent unit design in the transverse direction. See, e.g., the varying widths of unit designs in Exhibit B. | Wongab fails to identify "specifically where and how" the elements of the limitation are present within the Accused Product. Nowhere does Wongab specifically identify in the Accused Product the "at least two-row unit designs." Moreover, nowhere does Wongab specifically identify where and how the Accused Product has "the width of any one unit design is wider than that of another unit design adjacent to the one unit design in the transverse direction." Wongab simply is recited the claim language as evidence of alleged infringement.<br><br>This "contention" fails to clarify Wongab's position regarding how the Accused Product allegedly infringes the limitation. |
| 8 | The warp knitting fabrics according to claim 1, wherein the length of one unit organization is longer than that of another unit organization adjacent to the one unit organization in the longitudinal direction. | "In the Disputed Product the length of one unit organization is longer than that of an adjacent unit in the longitudinal direction." | Wongab fails to identify "specifically where and how" the elements of the limitation are present within the Accused Product. Wongab does not specifically identify how or where in the Accused Product, for the deficiently identified "unit organizations," that "the length of one unit organization is longer than that of another unit organization adjacent to the one |

| | | | |
|---|---|---|---|
| | | | unit organization in the longitudinal direction." Wongab merely recites back the claim language and makes the conclusory statement that the Accused Product meets this limitation.<br><br>This "contention" fails to clarify Wongab's position regarding how the Accused Product allegedly infringes the limitation. |