Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONGAB CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>FOREVER 21, INC.; et al.,<br><br>Defendants. | Case No. 2:16-cv-5194 TJH (SS)<br>*Honorable Terry J. Hatter Presiding*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PATENT CLAIMS OR, ALTERNATIVELY, TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS; DECLARATION OF SCOTT ALAN BURROUGHS**<br><br>Date: June 19, 2017<br>Time: Under Submission<br>Location: 9B |

- 1 -

## I. INTRODUCTION

The motion must be denied. The claim at issue is a straightforward claim of patent infringement that involves two parties, one patent, and one infringing product: Defendant Forever 21, Inc. ("F21" or "Defendant") infringed Plaintiff, Wongab Corporation's, rights under U.S. Patent No. 8,448,476 ("the '476 Patent") by exploiting that patent as part of one of its garments without Plaintiff's authorization. Prior to the filing of this motion, the parties had been engaging in a good faith discovery exchange and Plaintiff was in the process of amending the complaint and had indicated it would be amending its contentions as well. So owing, and at the very least, Plaintiff should be given leave to amend its contentions and the case should move forward on the merits.

As the challenged contentions are well-pled and there is no basis to the relief sought the motion should be denied.[1]

## II. ARGUMENT

### A. Plaintiff's Conduct Is Not Sufficiently Extreme To Warrant Dismissal.

Defendant fails to meet the high burden for dismissal or to strike. "Dismissal is a harsh penalty and is to be imposed ***only in extreme circumstances***." *Allen v. Bayer Corp.* (*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*), 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotation marks and citations omitted). "The Ninth Circuit has explained that a district court must weigh several factors to decide whether to dismiss: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Network Caching Tech., LLC v. Novell, Inc.*, 2003 U.S. Dist. LEXIS 9881, at *7-8 (C.D. Cal. Mar. 21, 2003) (emphasis added) (citations omitted).

---

[1] Should the Court find that Plaintiff's contentions insufficient as pled, Plaintiff respectfully requests leave to amend the complaint to cure any such insufficiency.

- 2 -

Dismissal is appropriate only "where **at least four factors support dismissal**, **or** where **at least three factors 'strongly' support** dismissal." *Yourish v. California Amplifier*, 191 F3d 983, 990 (9th Cir 1999) (quoting *Ferdik v Bonzelet*, 963 F2d 1258, 1263 (9th Cir 1992))." In addition, the imposition of sanctions under or through Fed. R. Civ. Proc. 11 "requires that the filing at issue also be baseless." *Network Caching Tech.*, 2003 U.S. Dist. LEXIS 9881, at *20 (citation omitted).

Although Defendant cites the factors relevant to dismissal, their motion wholly fails to engage in an analysis of all of the factors, choosing instead to gloss over three out of the five factors. That is because the factors when considered as a whole require that the motion be denied.

### 1. Neither the public's interest in the expeditious resolution of litigation nor the court's need to manage its docket should outweigh plaintiff's interest in the resolution of this matter on its merits.

"[The] public policy favoring disposition of cases on their merits strongly counsels against dismissal." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d at 1228 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). As such, this factor weighs against defendant. While the public also does have an interest in expedient resolution of litigation and the court must manage its docket, these interests should not be held above Plaintiff's interest in obtaining a decision on the merits here.

On February 16, 2017, the Court set a May 2018 trial date and an October 2017 discovery cut-off. See U.S.D.C. Dkt. No. 21. The deadline to amend was also set and is not until September 2017. Id. With these dates in mind, the parties have engaged in a good faith discovery exchange. Burroughs Decl. ¶1, Exs. B-C. Indeed, counsel for Plaintiff and Defendant have had a cordial relationship, granting professional courtesies and extensions throughout the litigation. Id. Plaintiff produced its documents on May 5, 2017, which included multiple images of Plaintiff's product

and Defendant's product. And Defendant produced their documents on May 16, 2017. These documents for the first time disclosed certain aspects of the scope of the infringement as well as the identity of the supplier for the disputed product. This disclosure will require amendment of the complaint to name the supplier as a party. Additional discovery has also proceeded apace. There has been no delay in the case and the contentions are sufficient to put Defendant on notice to the extent required.

Even the alleged deficiencies at issue have been the subject of good faith meet and confer conversations between the parties. Id. The parties discussed further amendment of both the complaint and the contentions. Id. And Plaintiff has granted Defendant extensions to ensure that they have sufficient time to prepare and serve its invalidity contentions. Instead of continuing these discussions, Defendant filed the instant motion. *Id.* at ¶ 2. To date, Defendant has yet to serve Plaintiff with its invalidity contentions. *Id.*

**2. Defendant has not suffered actual prejudice.**

"A plaintiff may proffer an excuse for delay that, if 'anything but frivolous,' shifts the burden of production to the defendant to show at least some actual prejudice; if it does, the plaintiff must persuade the court that the claims of prejudiced are illusory or relatively insignificant in light of his excuse." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d at 1228. "Prejudice normally consists of loss of evidence and memory [and] it may also consist of costs or burdens of litigation, although it may not consist of the mere pendency of the lawsuit itself." *Id.*

Here, there has been no loss of evidence or memory. Nor can Defendant demonstrate that any significant burden or cost of litigation has been imposed upon it that has also not been imposed on Plaintiff. Although Plaintiff's infringement contentions were served in an untimely manner, that delay was due in part to Plaintiff's location in Korea and the fact that Plaintiff's former counsel in Japan has

- 4 -

apparently ceased doing business. Burroughs Decl.¶2. And in part to Plaintiff's counsel having two trials and a complex series of discovery and summary judgment motions in a 35-party case take place since the beginning of the year. Id. Through the process, the parties have worked together in a cooperative fashion to ensure that needs were addressed and no prejudice occurred. Burroughs Decl. ¶1, Exs. B-C.

And at no times has Plaintiff attempted to *add new infringing products or patents* to this case, as is the situation in many of the cases cited by Defendant. See, e.g., Motion, 8:14-17, citing *Richtek Tech. Corp. v. uPI Semiconductor Corp.*, Case No. 09-cv-05659, 2016 WL 4269095 at *2-*3 (N.D. Cal. Aug. 15, 2016) (denying patent owner's motion to amend infringement contentions to disclose an **additional five products** not explicitly recited as originally served)(emphasis added). Doing so may result in prejudice as it expands the size of the case. Here, Plaintiff here does not seek to add any new products. To the contrary, the scope of the patent claim has remained the same: one garment infringing one patent.

And any prejudice claimed by the Defendant has been mitigated by Plaintiff agreeing to extend and continue any dates and deadlines for Defendant's invalidity contentions and discovery. Burroughs Decl. ¶1, Ex. C. Indeed, to date, Defendant has not served their invalidity contentions. Id. Defendant has not established that it has been prejudiced in any material way. The conduct of both parties brings the matter under the umbrella of "pendency of litigation" and should bar any claim of prejudice.

**3. The Existence of Less Drastic Alternatives Countenances Against Dismissal.**

Even were the court to find that the PICs are insufficient, Plaintiff should be granted leave to amend or compelled to supplement its PICs. *See InteraXon, Inc. v. NeuroTek, LLC*, 2016 U.S. Dist. LEXIS (N.D. Cal. Sept. 21, 2016) (granting Plaintiff 14 days to amend its PICs and to produce documents pursuant to LR 3-2). Plaintiff should be granted additional time in which it may amend its infringement

contentions. Plaintiff has already produced the documentation required by L.R. 3-2, and Defendant cannot reasonably claim it is prejudiced by the grant of leave to amend the ICs, as Plaintiff has agreed to extend their response date and Defendant has yet to produce its own invalidity contentions. Moreover, as Plaintiff has demonstrated its willingness to grant Defendant extensions in which to serve its invalidity contentions, Defendant should evince a willingness to do same for Plaintiff. Burroughs Decl. ¶ 2. As less drastic alternatives are available, this factor also weighs against Defendant.

And, a case should not be dismissed in the absence of prior notice from the Court. *Anheuser-Busch, Inc. v. Nat. Beverage Distributors*, 69 F.3d 337, 352 (9th Cir. 1995)(district court to warn "the party of the possibility of dismissal before ordering dismissal)(citation omitted). There has been no prior notice here.

In sum, because multiple factors counsel against dismissal, Defendant's motion should be denied, as they cannot demonstrate that four factors support dismissal, nor can they prove that even three factors strongly favor their position. *See, e.g., Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

### B. **Plaintiff Has Complied With The Specificity And Production Requirements Set Forth In N.D. Cal. Patent Local Rules 3-1 and 3-2.**

Plaintiff agreed to use the Northern District Local Rules to structure discovery in this case. These Rules, which have not been adopted or approved in the Central District, should not now be used as a basis for the drastic remedy of dismissal.

Moreover, Plaintiff has acted in good faith to comply with these rules. "[A]ll courts agree that the degree of specificity under Local Rule 3-1 must be sufficient to provide reasonable notice to the defendant [as to] why the plaintiff believes it has a 'reasonable chance of proving infringement.'" *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F.Supp.2d 1022, 1025 (N.D. Cal. 2010) (citation omitted) (quoting *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000)).

The rules governing a patent plaintiff's infringement contentions do not "require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case." *See DCG Sys. v. Checkpoint Techs., LLC*, Case No. 11-cv-03729-PSG, 2012 U.S. Dist. LEXIS 53193, 2012 WL 1309161, at *2 (N.D. Cal. Apr. 16, 2012) (quoting *Whipstock Servs., Inc. v. Schlumberger Oilfied Sers.*, Case No. 6:09-cv-113, 2010 U.S. Dist. LEXIS 1395, 2010 WL 143720, at *1 (E.D. Tex. Jan. 8, 2010)). A patentee need only "disclose what in each accused instrumentality it contends practices each and every limitation of each asserted claim ***to the extent appropriate information is reasonably available to it***." *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-HSG, 2015 U.S. Dist. LEXIS 44038, at *6 (N.D. Cal. Apr. 2, 2015) (emphasis added) (citations omitted).

Plaintiff's infringement contentions undeniably satisfy Patent L.R. 3-1(a), as they identify the claims alleged to be infringed by Defendant—here, each of claims of the '476 Patent. The contentions also meet Patent L.R. 3-1(b), as they provide the specific product, style and/or SKU numbers of the Disputed Products, as well as make reference to an attachment (Attachment C) bearing photographs of same. Such style and/or SKU information is specifically what is requested per Patent L.R. 3-1(b), and Attachment C is merely another means of assisting Defendant in identifying which of its products are alleged to be infringed.

Plaintiff's description of "where and how each limitation of each asserted claim is found within" the disputed product is marked with adequate specificity, as Plaintiff specifically identified how the accused product reads on each claim of the '476 Patent. L.R. 3-1(c). Under Local Rule 3-1 of the Northern District of California, a patent infringement "plaintiff [must] compare an accused product to its patents on a claim by claim, element by element basis for at least one of each defendant's products." *Network Caching Tech.*, 2002 U.S. Dist. LEXIS 26098, at *5.

Plaintiff does just that: it sets for how each claim reads on Defendant's garments, specifically the base fabric used to construct those garments. The warp-knit process at issue is of a technical nature and the language of the patent, as applied by Plaintiff in its contentions describes how the knit units and other features read on Defendant's garments.

Defendant appears to contend that Plaintiff should not be able to utilize the language contained in the '476 Patent in its infringement contentions—a faulty proposition in light of the highly technical nature of much of the industry-specific language utilized in the '476 Patent, as well as the requirement that the Disputed Product read on the patent. Moreover, Defendant's contention that Plaintiff does not reference the Disputed Product in its infringement contentions is meritless, as Plaintiff specifically describes how the disputed product infringes the '476 Patent and has provided full and annotated images of the Disputed Product. Defendant specifically references the portions of Plaintiff's chart covering claims 5 and 6 of the '476 Patent. As an exemplar, the section of the chart dealing with claim 6 is reproduced hereinbelow:

| 6 | The warp knitting fabrics according to claim 1, wherein the ground organization comprises at least two-row unit designs, and the unit organization of any one unit design are arrayed in parallel with unit the [sic – the unit] organizations of another unit design in the | In the Disputed Product, the ground organization comprises multiple-row units designs, and the unit organization of any one unit design is parallel with the unit organizations of another unit design.<br><br>The Disputed Product bears multiple two-row units designs that result from multiple guidebars and drums operating from different commencement times, and the Disputed Product includes unit organizations that are arranged in |

| | |
|---|---|
| transverse direction. | parallel to other unit designs. |

It is clear that this section does indeed directly reference the Disputed Product, and moreover, does not merely "parrot" the language of Claim 6, but rather, describes how the Disputed Product reads on the '476 Patent.

Furthermore, Defendant's proposition that Claims 5 and 6 of the '476 Patent are limited to the particular embodiments set forth in figures 12 and 13 contained in the '476 Patent is without merit. "[A]lthough the specification often describes very specific embodiments of the invention, we have repeatedly warned against confining the claims to those embodiments." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1323 (Fed. Cir. 2005); *see also*, *Nazomi Communications, Inc. v. ARM Holdings, PLC*, 403 F.3d 1364, 1369 (Fed. Cir. 2005) (a claim may encompass "different subject matter than is illustrated in the specific embodiments in the specification"). "To avoid importing limitations from the specification into the claims, it is important to keep in mind that the purposes of the specification are to teach and enable those of skill in the art to make and use the invention and to provide a best mode for doing so." *Phillips*, 415 F.3d at 1323. Plaintiff's contentions do just that – they teach as to how the warp knit process is embodied in Defendant's garment.

Moreover, where, as here, the specification makes apparent that a particular embodiment is not meant to be exclusive, no such exclusivity is to be imported. *See Snow v. Lake Shore & Mich. S. Ry. Co.*, 121 U.S. 617, 630 (1887) ("nothing in the context to indicate that the patentee contemplated any alternative" embodiment). Moreover, it is apparent that Claims 5 and 6 are not mutually exclusive—a single product, like the Disputed Product, may embody both claims at once, and the PICs elucidate this point.

Plaintiff's infringement contentions likewise satisfy Patent Local Rule 3-1(d), as Plaintiff identified the sole alleged direct infringer, Forever 21. Plaintiff further complied with the requirements of Patent Local Rule 3-1(e) by detailing that its claim

- 9 -

is based upon a theory of literal infringement, and in the alternative, on a theory of infringement under the doctrine of equivalents. The relevant priority date of the '476 Patent—March 4, 2010—was also set forth in Plaintiff's infringement contentions, thereby satisfying Patent L.R. 3-1(f).

Defendant's proposition that Plaintiff has not specifically identified a single product on which it would rely as per 3-1(g) is without merit, as the operative complaint specifically identifies one such design and product —PCM-2299, which is the subject of the claim in the matter at bar. A clear picture that provides an identification of that product is attached to both the complaint and the contentions. Plaintiff also met the requirement of subsection (h) of Patent L.R. 3-1, as it clearly set forth that the infringement commenced May 2015, and that damages began to accrue as of that date and continued to do so until the date of the final sale of the infringing product.

Finally, Defendant's claim that Plaintiff has not adequately alleged a ground for willful infringement under Patent Local Rule 3-1(i) should not be heeded, as the parties have not engaged in adequate discovery for Plaintiff to determine whether or not Defendant's pre-filing conduct was sufficiently egregious to render the infringement willful. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935. As the Defendant is the only party in possession of evidence sufficient to demonstrate conduct rising to the level of recklessness requisite for willful infringement, Plaintiff cannot, and should not, be required to mark its contention with further specificity. Moreover, "the patent rules do not require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case, . . . a patentee must nevertheless disclose what in each accused instrumentality it contends practices each and every limitation of each asserted claim ***to the extent appropriate information is reasonably available to it***." *Finjan*, 2015 U.S. Dist. LEXIS 44038, at *6 (N.D. Cal. Apr. 2, 2015) (emphasis added) (citations omitted). Indeed, to date,

Plaintiff does not have access to the full scope of Defendant's exploitation of the patented material.

Plaintiff further produced all documentation required under Patent Local Rule 3-2. It is apparent from the documentation produced, and the timing of production, that these documents were produced in satisfaction of Patent Local Rule 3-2. The documentation itself makes readily apparent which portions of 3-2 each document satisfies, for instance, even the most cursory review of the production reveals which portion is the file wrapper, et cetera. Although Plaintiff did inadvertently fail to send documentation informing Defendant that the production was in satisfaction of its 3-2 obligations, this miniscule oversight should not be deemed sufficient to warrant dismissal. Indeed, each document is self-evident and its very contents make clear which category is addressed. If necessary, however, Plaintiff will certainly identify each category.

## IV.  THE MOTION MUST BE DENIED

Defendant's motion fails. To the extent that additional facts must be contended, Plaintiff respectfully requests leave to amend, as the putative defects are curable. The iteration of the contentions that Plaintiff intended to serve at the time this motion was filed, and which can be further supplemented once the complaint is amended (as it is still well before the deadline to amend), is attached as Exhibit A. The current contentions, however, are sufficient to provide the requested notice. If the Court finds this not to be the case, leave to amend after a further meet and confer is appropriate.

Respectfully submitted,

Dated: May 26, 2017     By:  */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
DONIGER /BURROUGHS
Attorneys for Plaintiff
WONGAB CORPORATION

- 11 -

## DECLARATION OF SCOTT ALAN BURROUGHS, ESQ.

I, Scott Alan Burroughs, Esq., am an attorney at Doniger / Burroughs, which represents Plaintiff Wongab Corporation ("Plaintiff") in this action. I have personal knowledge of each of the following facts stated in this declaration:

1. Plaintiff and Defendant have engaged in good faith discovery exchanges and have met and conferred regarding any alleged deficiencies. Indeed, Plaintiff and Defendant discussed amendment of the contentions and the complaint. was amending per an agreement between counsel during one of these meet and confer conversations when this motion was filed. Overall, the parties have engaged in a good faith discovery exchange. Indeed, counsel for Plaintiff and Defendant have had a cordial relationship, granting professional courtesies and extensions throughout the litigation. Plaintiff produced its documents on May 5, 2017, which included multiple images of Plaintiff's product and Defendant's product. And Defendant produced their documents on May 16, 2017. These documents for the first time disclosed certain aspects of the scope of the infringement as well as the identity of the supplier for the disputed product. This disclosure will require amendment of the complaint to name the supplier as a party. Additional discovery has also proceeded apace. There has been no delay in the case and the contentions are sufficient to put Defendant on notice to the extent required. And Plaintiff has granted Defendant extensions to ensure that they have sufficient time to prepare and serve its invalidity contentions. Instead of continuing these discussions, Defendant filed the instant motion.  To date, Defendant has yet to serve Plaintiff with its invalidity contentions.

2. Although Plaintiff's infringement contentions were served in an untimely manner, that delay was due in part to Plaintiff's location in Korea and the fact that Plaintiff's former counsel in Japan has apparently ceased doing business.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

And in part to Plaintiff's counsel having two trials and a complex series of discovery and summary judgment motions in a 35-party case take place since the beginning of the year.

3. I have attached as Exhibit A a true and correct copy of Plaintiff's amended contentions. These can be further amended to address any of the defense's concerns.

4. I have attached as Exhibit B a true and correct copy of an email chain between counsel.

5. I have attached as Exhibit C a true and correct copy of an email chain between counsel.

I solemnly swear and declare under the laws of the United States of America and the penalty of perjury that the foregoing is true and correct. Executed in Venice, California.

Dated: May 26, 2017           By:    */s/ Scott Alan Burroughs*
                                     Scott Alan Burroughs, Esq.

- 13 -

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS