SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SEONG KIM, Cal. Bar No. 166604
SHKim@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  310.228.3700
Facsimile:   310.228.3701

MARTIN R. BADER, Cal. Bar No. 222865
mbader@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone:  858.720.8900
Facsimile:   858.509.3691

Attorneys for Defendant and Counterclaimant
FOREVER 21, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONGAB CORPORATION,<br><br>         Plaintiff,<br><br>   v.<br><br>FOREVER 21, INC.,<br><br>         Defendant.<br><br>FOREVER 21, INC.,<br><br>         Counterclaimant,<br><br>   v.<br><br>WONGAB CORPORATION,<br><br>         Counterclaim-defendant. | Case No. 16-CV-5194 TJH (SS)<br><br>**REPLY SUPPORTING FOREVER 21'S MOTION TO DISMISS PATENT CLAIMS OR, ALTERNATIVELY, TO STRIKE WONGAB'S PATENT INFRINGEMENT CONTENTIONS**<br><br>Date: JUNE 19, 2017 UNDER SUBMISSION<br>Time: UNDER SUBMISSION<br>Dept.: 9B<br><br>Assigned to the Hon. Terry J. Hatter<br>Complaint filed: July 14, 2016<br>Pretrial Conference: May 16, 2018<br>Trial Date: None Set |

# TABLE OF CONTENTS

**PAGES**

I. INTRODUCTION ..................................................................................................1

II. THE COURT CAN AND SHOULD DISMISS WONGAB'S PATENT CLAIMS AS MANDATED BY THE NINTH CIRCUIT'S DISPOSITIVE FACTORS OR, AT A MINIMUM, STRIKE THE CONTENTIONS THAT ARE UNSUPPORTED. ......................................................................................3

    A. Wongab's Violation Of The Court's Order ..............................................3

    B. Wongab's Willingness To Extend Forever 21's Deadline Does Not Remedy The Prejudice To Forever 21. .....................................................5

    C. Lesser Sanctions Are Not Available ........................................................7

    D. Wongab's Patent Disclosures Do Not Depend on Forever 21's Documents or Wongab's Desire to Seek Leave to Amend to Add a New Defendant. ........................................................................................8

    E. Wongab's Other Purported Excuses Are Meritless .................................8

III. WONGAB'S INFRINGEMENT CONTENTIONS DO NOT COMPLY WITH PATENT LOCAL RULES 3-1 AND 3-2. ................................................9

    A. Wongab's Contentions Fail to Comply with Patent L.R. 3-1(c) ..........10

    B. Wongab's Infringement Contentions Fail to Comply with Patent L.R. 3-1(e). ..............................................................................................12

    C. Wongab Has Not Complied with Patent L.R. 3-1(g) ............................13

    D. Wongab Admits It Lacked Evidence Necessary to Claim Pre-Suit Willful Infringement, and Has Failed to Comply with Patent L.R. 3-1(i). .......................................................................................................14

    E. Wongab Has Not Produced the Required Documents Under Patent L.R. 3-2. ..................................................................................................15

IV. CONCLUSION ..................................................................................................16

# TABLE OF AUTHORITIES

**PAGES**

Cases

*Allen v. Bayer Corp.*,
    460 F.3d 1217 (9th Cir. 2006) ............................................................................. 15

*Blue Spike, LLC v. Adobe Sys.*, Case No. 14-cv-01647,
    2015 U.S. Dist. LEXIS 8778 (N.D. Cal. Jan. 23, 2015) ..................................... 14

*Creagri, Inc. v. Pinnaclife Inc.*, Case No. 11-cv-06635,
    2012 WL 5389775 (N.D. Cal. Nov. 2, 2012) ..................................................... 12

*Finjan, Inc. v. Proofpoint, Inc.*, Case No. 13-cv-05808,
    2015 WL 1517920 (N.D. Cal. Apr. 2, 2015) ............................................... 10. 12

*In re Seagate Tech.*,
    497 F.3d 1360 (Fed. Cir. 2007) ......................................................................... 14

*InteraXon, Inc. v. NeuroTek, LLC*, Case No. 15-cv-05290,
    2016 U.S. Dist. LEXIS 129900 (N.D. Cal. Sep. 21, 2016) ................................. 7

*Richtek Tech. Corp. v. uPI Semiconductor Corp.*, Case No. 09-cv-05659,
    2016 WL 4269095 (N.D. Cal. Aug. 15, 2016) .................................................... 6

*Shared Memory Graphics LLC v. Apple, Inc.*,
    812 F. Supp. 2d 1022 (N.D. Cal. 2010) ............................................................. 10

*Valley Eng'rs v. Electric Eng'g Co.*,
    158 F.3d 1051 (9th Cir. 1998) ............................................................................. 3

Other Authorities

Federal Rule of Civil Procedure 11 ........................................................................ 14

Federal Rule of Civil Procedure 16 .......................................................................... 5

Northern District of California Patent Local Rule 3-1 ..................................... passim

Northern District of California Patent Local Rule 3-2 ................................. 6, 15, 16

Northern District of California Patent Local Rule 3-6 ............................................. 1

## I. INTRODUCTION

Nothing in Wongab Corporation's ("Wongab") Opposition rebuts that the Court should dismiss Wongab's patent infringement claims against Forever 21, Inc. ("Forever 21") where Wongab has completely disregarded its obligations under the Court's Scheduling Order and the applicable Patent Local Rules to which Wongab stipulated.

It is now four months after the deadline in the Court's Scheduling Order, and Wongab still has not served sufficient patent disclosures. Even the "amended" patent infringement contentions attached as Exhibit A[1] to Wongab's Opposition fail to cure the deficiencies contained in its previous *two* patent infringement contentions. (*See* Dkt. 25, Ex. A.) Wongab filed its Complaint almost a year ago and there can be no justification for not providing its patent disclosures by now. Wongab should have at its fingertips the requisite information since under Rule 11 Wongab should have had that information *before* it filed its Complaint, but has now demonstrated that even after the filing of this Motion, it cannot provide the requisite information.

Terminating sanctions are warranted where Wongab has violated a Court order. Lesser sanctions are not available. Wongab has *already* had *multiple* opportunities, including after Forever 21 detailed the deficiencies for Wongab in letters and again in its Motion. Wongab has evidenced an inability or unwillingness

---

[1] Wongab attempts to amend its untimely and deficient patent infringement claims without complying with Patent L.R. 3-6. Wongab cannot simply serve amended contentions whenever it wants to; Wongab must obtain an order from this Court granting leave to amend the contentions . (Dkt. 24-6, Ex. 3 (Patent L.R. 3-6).) That leave may only be granted upon a timely showing of good cause why Wongab was unable to include the information in its original patent infringement contentions. (*Id.*) Wongab has utterly failed to establish good cause why it could not have provided the information contained in Exhibit A to the Opposition. It cannot attempt to sneak in "amended" contentions through this Opposition without complying with Patent L.R. 3-6.

1  to abide by its litigation obligations related to its patent infringement claim. This
2  stonewalling and evasive conduct has interfered with Forever 21's ability to
3  effectively defend against Wongab's patent infringement claim. Accordingly,
4  dismissal of Wongab's patent infringement claim is appropriate.

5      None of Wongab's excuses justify its violations. That Wongab's counsel was
6  supposedly too busy with other matters is no excuse. Wongab's counsel must have
7  been aware of its obligations when it negotiated the case schedule in February 2017,
8  and it is Wongab's responsibility to seek relief if it is unable to meet Court
9  deadlines. That Wongab is located in Korea is no excuse. The deadline was agreed
10 to by Wongab, and Wongab and its counsel have always been aware of Wongab's
11 location. That Wongab's former counsel went out of business has no relevance.
12 Wongab offers no explanation of why Wongab's counsel of record was incapable of
13 timely preparing infringement contentions.

14     That Wongab may want to amend the Complaint to include Forever 21's
15 supplier does not impact in any way Wongab's theory as to how Forever 21
16 infringes the claims of the '476 Patent. Wongab was required to compare the
17 accused product to the patent claims *prior to* filing the Complaint. The identity of
18 the supplier has no bearing on how the accused product allegedly reads on the patent
19 claims.

20     Even with dismissal of the patent infringement claims, Wongab would not be
21 left without a remedy for its perceived grievances against Forever 21 arising from
22 the accused product. Wongab will still be free to pursue its copyright infringement
23 claims (although Forever 21 views them as without merit). Dismissal of Wongab's
24 patent infringement claims is, thus, an appropriate remedy for Wongab's violations
25 of its obligations to the Court and Forever 21. Accordingly, the Court should grant
26 Forever 21's Motion in its entirety.

27     At a minimum, the Court should strike without leave to amend Wongab's
28 contentions that claim elements are infringed under the doctrine of equivalents, and

that Forever 21's alleged infringement was willful, which Wongab has failed to support. The Court should also strike without leave to amend Wongab's attempt to reserve the right to rely on its own products which it failed to identify. Finally, if the patent claims are not dismissed, Wongab should be forced to provide sufficient details on an element by element basis for its direct infringement claims as required by Patent L.R. 3-1(c). Wongab does not even attempt to distinguish its deficient contentions from those struck by other courts cited by Forever 21. This is not surprising, as Wongab's contentions are almost indistinguishable from those at issue in those cases.

Certainly, the Court should grant Forever 21's request to recover its attorneys' fees in connection with this motion. Forever 21 never should have had to make this motion. Including to obviate the need for motion practice, Forever 21 gave Wongab every courtesy and *months* after the Court's Scheduling Order deadline had passed to cure the deficiencies in Wongab's infringement contentions. But, Wongab continued to stall and ignore its litigation obligations, requiring Forever 21 to bring this motion.

## II. THE COURT CAN AND SHOULD DISMISS WONGAB'S PATENT CLAIMS AS MANDATED BY THE NINTH CIRCUIT'S DISPOSITIVE FACTORS OR, AT A MINIMUM, STRIKE THE CONTENTIONS THAT ARE UNSUPPORTED.

### A. Wongab's Violation Of The Court's Order

Where Wongab has violated the Court's Scheduling Order, the Court can appropriately dismiss Wongab's patent infringement claim which is the subject of the violation. *See* Forever 21's Moving Brief (Dkt. 24-2), § III.D.

Wongab wrongly argues dismissal should not be imposed absent prior notice from the Court is incorrect. *See Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) ("[I]t is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning."). Regardless, Wongab had

plenty of notice that dismissal was a possibility for its failure to comply. Even putting aside the Federal Rules of Civil Procedure and the Notice of Motion (Dkt. 24), Forever 21 expressly informed Wongab dismissal of Wongab's patent infringement claim was a potential sanction for Wongab's failure to serve its patent infringement contentions. (Dkt. 24-4 at 2–3.) Forever 21 also reserved the right to dismiss Wongab's patent infringement claim in Forever 21's meet and confer letter. (Dkt. 24-7 at 13–14.) Accordingly, it is disingenuous for Wongab to claim it did not have any prior notice that dismissal of its patent claims was a potential result of its violations.

There is no dispute that Wongab failed to comply with a court order—specifically, the Court's Scheduling Order. (Dkt. 21.) Wongab failed to serve its patent infringement contentions by February 20, 2017, as required under the Scheduling Order. (Dkt. 24-3, Taskalos Decl., at ¶ 2.) Instead, only after Forever 21 had to chase Wongab did Wongab finally offer to serve its patent infringement contentions on March 18, 2017. (*Id.*) Then, Wongab did not serve them as promised and ultimately Wongab did not serve any contentions until over a month after the Court-ordered date. (*Id.* at ¶ 3.)

Even after Wongab finally provided its untimely patent disclosures, they were wholly deficient. On April 11, 2017, Forever 21's counsel walked Wongab's counsel through the many deficiencies, and Wongab's counsel represented that Wongab would serve "revised" infringement contentions by April 21, 2017. (*Id.* at ¶ 5.) Wongab did not abide by that promise either. Instead, it unilaterally gave itself yet another extension of time and even then its revised patent disclosures failed to cure the deficiencies. (*Id.* at ¶¶ 6–8; *see also* Dkt. 24-2, §§ II.A–B, III.C.)

Wongab's violation of the Court's Scheduling Order (and its continued failure to provide compliant contentions that are the subject of that Order)[2] serves as the basis of Forever 21's Motion. The Ninth Circuit's factors (*see supra*) warrant dismissal of Wongab's patent infringement claim.[3]

### B. Wongab's Willingness To Extend Forever 21's Deadline Does Not Remedy The Prejudice To Forever 21.

That Wongab is willing to extend Forever 21's deadline to provide Forever 21's patent contentions does not change that Wongab's patent claims should be dismissed under the egregious circumstances here. Wongab was bound to abide by the Court's Scheduling Order unless the Court modified it (which the Court did not). Wongab is not entitled to modify the Court's case schedule unilaterally. *See* Fed. R. Civ. P. 16(b)(4)(a party can seek a modification "only for good cause"). Mere willingness to grant Forever 21 a reciprocal extension for serving invalidity contentions does not excuse Wongab's own failure to comply with the Scheduling Order in the first instance, and is not "good cause" to modify the schedule—otherwise, the obligation to comply with the case schedule ordered by the Court would become meaningless.

Moreover, Wongab's belated and deficient infringement contentions are not harmless. First, a reciprocal extension of time for filing invalidity contentions is insufficient to cure the prejudice Forever 21 has already suffered. (*See* Dkt. 24-2 at § III.D.) Second, the entire case schedule has been irreparably impacted. Because Forever 21 has been unable to prepare invalidity contentions as contemplated in the Scheduling Order, Forever 21 would have to have to prepare invalidity contentions simultaneously with claim construction, while still being in the dark as to Wongab's

---

[2] Despite Wongab's revisionist history, it agreed that the Patent Local Rules for the Northern District of California would be applicable in this case. (*See* Dkt. 19.)

[3] Wongab's copyright infringement claims are not addressed by this Motion and will remain pending regardless of the outcome of this Motion.

1  theory of infringement.  Indeed, the parties are required to exchange patent terms for
2  construction today (June 5), and then exchange proposed constructions for those
3  terms two weeks later (June 19).  Yet, Forever 21 still does not have infringement
4  contentions that reflect and fix Wongab's theory of infringement.  The reasons
5  contentions are supposed to be exchanged prior to claim construction is to
6  specifically assist the parties in claim construction.  With the patent owner's theory
7  of infringement and the alleged infringer's invalidity theory fully identified and
8  explained, both sides can identify the most significant claim terms in the dispute and
9  appropriate constructions in light of these positions.  Now, due to Wongab's
10 violations, Forever 21 cannot effectively assess which claim terms may prove
11 significant in the dispute prior to claim construction.

12        Forever 21 has also been unable to efficiently develop its defenses, including
13 its invalidity contentions, nor has it been able to efficiently craft discovery tailored
14 to Wongab's theory of infringement.  Wongab, on the other hand, has reaped
15 immeasurable benefits at Forever 21's expense by ignoring its obligations,
16 continuing to withhold its infringement theory for over three months from the
17 deadline (and almost a year after filing the Complaint), and refusing to produce the
18 required documents under Patent L.R. 3-2.

19        Wongab misplaces reliance on *Richtek Tech. Corp. v. uPI Semiconductor*
20 *Corp.* in a futile attempt to dismiss the impact of its misconduct.  The patent owner
21 there ***had timely served its original infringement contentions***, which Wongab
22 admits it failed to do here.[4]  Moreover, in that case, the defendant objected to the

---

[4] *Richtek* shows the utter insufficiency of Wongab's patent contentions.  See *infra* § III.C.  According to Patent L.R. 3-1(g), if Wongab intends to rely on its own products for any reason, it must "identify, separately for each asserted claim," each of its own products that allegedly incorporate the patented claim.  (Dkt. 24-6, Ex. 3.)  Instead of complying, Wongab merely stated that "Wongab's textiles incorporate the elements and composition of the patent[.]"  Aside from utterly failing to meet

plaintiff's attempt to identify *additional* products. But, here, Wongab has failed to identify *any* products, preventing Forever 21 from being able to focus discovery accordingly.

### C. Lesser Sanctions Are Not Available

With respect to factor 5, Wongab's argument that it should be given yet a third chance to provide compliant infringement contentions (Dkt. 25 at 5–6) is audacious. Under Rule 11, Wongab should have had the required information *before* it filed its Complaint. (Dkt 24-2, §§ III.B, III.D.2.). Thus, Wongab either violated Rule 11 or it is playing "hide the ball." Either way, Wongab is in no position to seek further opportunities to cure, especially after unilaterally giving itself extensions to serve its contentions instead of seeking a modification of the Scheduling Order. Wongab has already had at least two opportunities to serve compliant patent disclosures and has failed to do so even after Forever 21 explained to Wongab how its disclosures were deficient. There is no reason to believe that Wongab would suddenly proffer sufficient patent disclosures if given yet another opportunity. At this point, less drastic sanctions are simply not sufficient because they would require a complete reworking of the case schedule, and cause significant delay in the resolution of this case at significant additional expense to Forever 21.

Wongab misplaces reliance on *InteraXon, Inc. v. NeuroTek, LLC*. There, unlike here,[5] the patent holder timely served its contentions timely and did not already have multiple opportunities to cure deficiencies. *See* Case No. 15-cv-05290, 2016 U.S. Dist. LEXIS 129900 (N.D. Cal. Sep. 21, 2016).

---

the clear language of Patent L.R. 3-1(g) ("identify, ***separately for each claim***"), Wongab's blanket reservation fails to identify a single product.

[5] See Dkt. 24-2 at 6:3–13, 9:6–15, 13:17–14:2.

### D. Wongab's Patent Disclosures Do *Not* Depend on Forever 21's Documents or Wongab's Desire to Seek Leave to Amend to Add a New Defendant.

Forever 21's recent document production is irrelevant to the Court's determination of this Motion. Wongab has always had – since before filing suit—the patent at issue and the Accused Product. That is what Wongab needed to provide its patent disclosures. In order to comply with Rule 11, Wongab was obligated—*before* filing suit—to compare the Accused Product against the patent claims. This would have required Wongab to identify what portion of the Accused Product it believes allegedly reads on each element of the claims. This pre-filing requisite analysis is required to be disclosed after the litigation is filed. Discovery from the defendant is *not* required.

Forever 21 did not produce any new product such that the scope of alleged patent infringement would change based on what Forever 21 provided in discovery. Wongab has not identified how a desire to amend the Complaint to name a new defendant impacts its theory of how Forever 21 allegedly infringes the '476 Patent. At bottom, Wongab has failed to explain how Forever 21's recent production or Wongab's desire to amend its Complaint justifies in any way amending the infringement contentions.

### E. Wongab's Other Purported Excuses Are Meritless

Wongab offers a series of *meritless* excuses for its violations of the Court's Scheduling Order and non-compliant patent disclosures: (1) Plaintiff is located in Korea; (2) Plaintiff's former counsel has ceased doing business; and (3) Plaintiff's counsel of record has been busy. (Dkt. 25 at 4–5.)

First, Wongab's geographic location has absolutely no bearing on its ability to serve patent infringement contentions in a timely manner. The deadline was agreed to by Wongab, and Wongab and its counsel have always been aware of Wongab's location. (*See* Dkts. 19, 20.) Any issue related to its geographic location should

have been accounted for during the negotiation of the case schedule before it was submitted to the Court. Regardless of Wongab's location, Wongab and its counsel have always been able to communicate about the patent disclosures by telephone, Skype, video-conference, email, and so forth. Also, under Rule 11, the information required by the patent disclosures should have been known by Wongab's counsel of record *before* Wongab filed its Complaint. (Dkt. 24-2 §§ III.B, III.D.2.)

Second, for similar reasons, that Wongab's former counsel went out of business has no relevance. Wongab and its counsel of record were bound to do their investigation of the patent claim *before* filing the lawsuit. Wongab offers no explanation of why Wongab's counsel is incapable of comparing the patent claims to the Accused Product. That is what is expected of counsel of record and if counsel of record is not qualified to do so, then they should have engaged counsel who could do so. Certainly, they were not entitled to stipulate to the application of Patent Local Rules if they could not comply with them.

Third, Wongab's counsel's inability to manage its own case load is no excuse. The parties negotiated the schedule in conjunction with the Rule 26(f) Report in January and February 2017. Counsel certainly must have been aware of its obligations to other cases at that time, and in light of the alleged complexity of its other obligations should have accounted for them. If unexpected competing demands in other matters arose, Wongab's counsel should have sought modification of the Court's Scheduling Order prior to violating it. They then compounded the problem by serving wholly deficient patent disclosures and making Forever 21 chase Wongab for compliant disclosures, which is has never provided.

### III. WONGAB'S INFRINGEMENT CONTENTIONS DO NOT COMPLY WITH PATENT LOCAL RULES 3-1 AND 3-2.

Patent L.R. 3-1 and 3-2 are much more than a mere formality and requires Wongab to ***explain its infringement position*** and produce the relevant documents related to their contentions. Wongab's infringement contentions fail to do just that,

1 as explained in great detail in the Motion.  Many of Wongab's contentions are
2 indistinguishable from those prior courts in the Ninth Circuit have found deficient.
3 Moreover, none of the below deficiencies with Wongab's infringement contentions
4 are cured by Exhibit A to its Opposition.

### A. Wongab's Contentions Fail to Comply with Patent L.R. 3-1(c)

Wongab's claim chart fails to rise to the level of detail courts in the Ninth Circuit require.  *See, e.g.*, *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010)("Rule 3-1 does not necessarily require the patent holder to produce evidence of infringement, but it must map specific elements of Defendants' alleged infringing products onto the Plaintiff's claim construction.").

Here, Wongab's chart fails even to comply with the language of Patent L.R. 3-1(c) because it fails to compare the accused product to the patent on an "element by element basis."  (Dkt. 24-2 at 6:14–7:19, 9:14–11:2, 14:3–15:2.)  Wongab must identify – but has not identified – where each element of the patent claim is found in the Accused Product.  This is especially true with respect to Wongab's contentions, which relies on reference to photographs in lieu of explanatory text.  *See Finjan, Inc. v. Proofpoint, Inc.*, Case No. 13-cv-05808, 2015 WL 1517920 at *6 (N.D. Cal. Apr. 2, 2015) ("This burden cannot be met simply by parroting claim language or referencing screenshots and/or website content.").

Wongab must do much more than merely parrot the patent claim language in its contentions.  *See Finjan*, 2015 WL 1517920 at *6.  There must be sufficient explanation, with specific reference to "where and how" elements are allegedly found in the Accused Product.  Wongab does not address Forever 21's observation that Wongab's claim chart fails to meet this standard notwithstanding Wongab's conclusory assertions that its contentions are "clear."  For example, Wongab's contention for claim 1 fails to identify at all what on the Accused Product constitutes "each of the unit organizations comprising a specific loop shape of a network

structure formed by a chain of a specific chain number group comprising an array of a plurality of chain numbers."  As another example, Wongab's contention for claim 1 fails to identify what on the Accused Product constitutes "each of the unit organizations has a different loop shape of a network structure form each other," merely stating that there are different loop shapes because it is allegedly made using the process "addressed in the patented claim at issue" without actually referencing the Accused Product or citing any evidence supporting its allegations.  Further, Wongab's exemplar contention for claim 6 fails to identify at all what on the Accused Products constitutes "multiple-row units designs, and the unit organization of any one unit design is parallel with the unit organizations of another unit design."

Instead of pointing to where in the Accused Product each of these limitation are found, Wongab merely relies on conclusory statements that the "Disputed Product" discloses the elements of the claim.  For example, Wongab does not make any attempt to identify what the allegedly "different loop shapes" are present in the Accused Product.  With respect to claim 6, Wongab fails to identify which unit organization of one unit design is allegedly arrayed in parallel with a unit organization of another unit design.  This lack of specificity fails to meet the level of detail required to comply with Patent L.R. 3-1(c).

Finally, Wongab is wrong that Forever 21 has raised in this Motion a claim construction issue with respect to claims 5 and 6.  Instead, Forever 21 used Wongab's contentions for claims 5 and 6 to illustrate the blatant deficient nature of Wongab's contentions.  Forever 21 observed that as a matter of common sense, the same portion of the Accused Product could not infringe both claims and, thus, why Wongab needed to flesh out its conclusory contentions.  Wongab has not addressed how **the same portion of the Accused Product** could allegedly have both "the unit organizations of any one unit design are arrayed in *zigzag* with the unit organizations of another unit design in the transverse direction" *and* "the unit organizations of any one unit design are arrayed in *parallel* with [the unit]

organizations of another unit design in the transverse direction." That a single product "may" embody both claims at once (Dkt. 25 at 9:18–24.) is beside the point; what matters is *where* each element of the claims is allegedly found in the Accused Product, and whether *the same portion* can infringe both claims at the same time. The Patent Local Rules require Wongab to disclose its contentions on that point, which Wongab has not done.

### B. Wongab's Infringement Contentions Fail to Comply with Patent L.R. 3-1(e).

Under Patent L.R. 3-1(e), Wongab is required for each limitation of the asserted claims to state whether Wongab believes the limitation is "literally present or present under the doctrine of equivalents." (Dkt. 24-6, Ex. 3.) If a limitation is allegedly present under the doctrine or equivalents, Wongab must specify in what way the Accused Product allegedly infringes the claims under the doctrine of equivalents. *Creagri, Inc. v. Pinnaclife Inc., LLC*, Case No. 11-cv-06635, 2012 WL5389775 at *6 (N.D. Cal. Nov. 2, 2012). A patent owner cannot merely recite place holder or boilerplate language. (*See* Dkt. 24-2 at 15:13–16:3 (citing multiple cases where a court held a patent owner's "alternative" doctrine of equivalents contention deficient as the patent owner failed to explain how the doctrine of equivalents was met).)

Wongab's untimely infringement contentions are precisely what is prohibited and merely provide the following conclusory statement:

> Alternatively, Wongab alleges that any limitations that are not literally met are met under the doctrine of equivalents.

(Dkt. 24-5, Ex. 2.) This "contention" is indistinguishable from those in the long line of cases cited where the court has found the contention deficient. *See, e.g.*, *Finjan*, 2015 WL 1517920 at *10 (ruling insufficient: "To the extent that Proofpoint contends that it does not literally infringe this claim, Proofpoint infringes under the doctrine of equivalents."). Yet, Wongab does not address these cases *at all*, instead

almost reciting verbatim *the same deficient contention* and claiming compliance with Patent L.R. 3-1(e). If the unlikely event that the Court does not dismiss Wongab's patent claim, Wongab must be prevented from relying upon the doctrine of equivalents in this case.

### C. Wongab Has Not Complied with Patent L.R. 3-1(g).

As explained above, Wongab was required to identify specific products under Patent L.R. 3-1(g). Wongab argues it has complied with Patent L.R. 3-1(g) because the Complaint "specifically identifies one such design and product—PCM-2299," and that a picture of that "product" was attached to both the Complaint and Wongab's untimely and deficient contentions. (Dkt. 25 at 10:5–13.) This is highly misleading. The Complaint refers to the PCM-2299 designation as the "owned design," not a product. (Dkt. 1.) Also, the picture in the Complaint identifies it as the "Subject Design."

The Complaint does not state Wongab's product also uses this designation, nor how many different Wongab products Wongab may incorporate this design. Moreover, nowhere is the designation "PCM-2299" referenced in the infringement contentions. Despite Wongab's assertion that a "clear picture" of the product is attached to the untimely infringement contentions, Wongab failed to identify any such picture as being a product known as PCM-2299 (or some other product).

If it is Wongab's contention that PCM-2299 is also a product designation, and that it is the only product allegedly incorporating the patent claims, it was required to identify that in its contentions (and failed to do so). Instead of addressing any of the cases cited by Forever 21, Wongab appears to argue Forever 21 should have to infer what are Wongab's "textiles" despite Wongab at no point identifying any products in the Complaint or its untimely patent infringement contentions. Wongab has plainly not complied with Rule 3-1(g). Accordingly, Wongab's contention is deficient and it should be prevented from relying on any of its own products for any purpose in the event that its patent claims are not dismissed entirely.

### D. **Wongab Admits It Lacked Evidence Necessary to Claim Pre-Suit Willful Infringement, and Has Failed to Comply with Patent L.R. 3-1(i).**

In the Complaint, Wongab asserted that Forever 21's alleged patent infringement was willful "by continuing their acts of infringement after being on notice of the patent." Because it pled willful infringement in the Complaint, Wongab was required to provide its basis for that claim in its infringement contentions under Patent L.R. 3-1(i). (Dkt. 24-6, Ex. 3.) To claim willful infringement in the Complaint, Wongab must have had a good faith belief that Forever 21, at a minimum, had knowledge of the '476 Patent. *See In re Seagate Tech., LLC*, 497 F.3d 1360, (Fed. Cir. 2007), *overruled in part on other grounds by Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016). Instead of identifying any information whatsoever to support alleged *pre-suit* willful infringement, Wongab only raises the mere hope that evidence might exist for alleged *post-suit* willfulness. (*See* Dkt. 24-5, Ex. 2.) This is no different than how the patent owner asserted willful infringement in *Blue Spike*, which the court there struck without leave to amend because the patent owner failed to recite a single fact supporting a claim of willful infringement in the infringement contentions or the complaint. *See Blue Spike, LLC v. Adobe Sys.*, Case No. 14-cv-01647, 2015 U.S. Dist. LEXIS 8778 at *27–28 (N.D. Cal. Jan. 23, 2015).

Wongab wrongly argues that it disclosure is sufficient because its contentions about the willful nature of Forever 21's infringement depends on discovery from Forever 21. Wongab chose to allege willful infringement in the Complaint, meaning that it needed—*before* filing its Complaint—a good faith basis to believe Forever 21's pre-suit conduct constituted willful infringement. *See* Fed. R. Civ. P. 11. In order for that to be the case, at a minimum Forever 21 had to have some knowledge of the patent. *Blue Spike*, 2015 U.S. Dist. LEXIS 8778 at 27. Yet, Wongab's infringement contentions admit that Wongab has no basis for claiming Forever 21's

pre-suit conduct was willful, as Wongab merely focuses on Forever 21's ***post-suit*** conduct as the basis for its willful infringement claim. (*See* Dkt. 24-5, Ex. 2 at 9:21–25.)

Wongab's claims of willful patent infringement should be dismissed.

### E. <u>Wongab Has Not Produced the Required Documents Under Patent L.R. 3-2.</u>

Patent L.R. 3-2 identifies documents that the patent claimant must produce with its infringement contentions, including: the patent file history; all documents evidencing ownership; all documents evidencing development of the patent's subject matter; all documents related to disclosure of the subject matter (*e.g.*, sales, offers for sales, public use) prior to the application date of the patent; and all agreements (*e.g.*, licenses) transferring an interest in the patent or useful in establishing damages; among others. Failure to produce those documents is considered sufficient prejudice to the alleged infringer to warrant terminating sanctions. *See Allen v. Bayer Corp.*, 460 F.3d 1217, 1227-28 (9th Cir. 2006). The patent claimant cannot cure this prejudice simply by producing documents at a later date. *See id.* at 1227.

Wongab wrongly asserts that it has complied fully with Patent L.R. 3-2. First, Wongab failed to produce *any* documents with its untimely infringement contentions. (Dkt. 24-3 at ¶¶ 3, 8.) That is undisputed.

Second, even if one were to consider Wongab's belated production in response to Forever 21's requests,[6] Wongab has still failed to provide many categories of documents required by Patent L.R. 3-2, including at a minimum: documents evidencing the conception and development of the patent (Patent L.R. 3-2(b)), documents related to Wongab's products it intends to rely on (Patent L.R. 3-

---

[6] Wongab's production consisted solely of the file history for the '476 Patent and a single purchase order.

2(e)),[7] all agreements transferring an interest in the patent (Patent L.R. 3-2(f)), all agreements considered to be comparable license (Patent L.R. 3-2(g)), all agreements that may be used to support the Wongab's damages case (Patent L.R. 3-2(h)), and documents evidencing marking of each of Wongab products it intends to rely on for any purpose (Patent L.R. 3-2(i)). The lack of sufficient documentation is evident from a "cursory review" of Wongab's production.

Wongab's failure to provide the required documents strongly supports that its patent claims should be dismissed.

## IV. CONCLUSION

Wongab failed to comply with the Courts scheduling order, and to this day Wongab's infringement contentions fail to comply with Patent Local Rules 3-1 and 3-2. Thus, its patent claims should be dismissed. Forever 21 should be granted its reasonable attorneys' fees and costs for having to bring this motion.

Dated: June 5, 2017

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     /s/ Martin R. Bader
SEONG KIM
MARTIN R. BADER
Attorneys for Defendant and Counterclaimant
FOREVER 21, INC.

---

[7] This is not surprising, as Wongab has failed to identify *any* products, as explained in detail above.

-16-     Case No.: 16CV5194 TJH (SS)
REPLY IN SUPPORT OF MOTION TO DISMISS WONGAB'S
PATENT CLAIMS, OR MOTION TO STRIKE INFRINGEMENT CONTENTIONS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 5, 2017, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile, and/or overnight delivery.

      By  /s/ *Martin R. Bader*
          Martin R. Bader
          Attorney for FOREVER 21, INC.