Stephen M. Doniger, Esq. (SBN 179314)
Email: stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
Email: scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
Email: tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
Email: jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONGAB CORPORATION, a Korean Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FOREVER 21, INC., a Delaware Corporation; and DOES 1-10,<br><br>Defendants. | Case No. 2:16-cv-05194-TJH-SS<br>*Hon. Terry J. Hatter, Jr. Presiding*<br><br>**PLAINTIFF'S OPENING CLAIM CONSTRUCTION BRIEF**<br><br>**Hearing / Submission Date:<br>August 28, 2017<br>Trial Date:<br>None Set<br>Pre-Trial Conf.<br>May 16, 2018** |

- 1 -

*TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:*

PLEASE TAKE NOTICE THAT Plaintiff, Wongab Corporation, hereby submits its Opening Claim Construction Brief regarding terms used in Claims 1, 2, 3, 4, 5, 6, 7, and 8 of Patent No. 8,448,476 B2 ('476 Patent").

## I.  INTRODUCTION

This case involves one patent – the '476 Patent – asserted by Wongab, a fabric company that has created and marketed fabrics for many years. The '476 Patent issued on May 28, 2013.  It claims priority from a Korean application filed on March 4, 2010.

The '476 Patent discloses a new and unique process by which warp-knitted base fabric can be printed with network structures – or blocks of loops – that have different shapes and sizes and which can be arranged in offset patterns. The patent claims cover the resulting fabric. This fabric can be used for garments in which it is used by itself or in conjunction with another design sewn on top of the patented fabric.

The inventor realized that the warp-knitted base fabrics in the market all bore uniform knitted structures, which did not appeal to the eye the way a more varied structure would. So, he set about to create a process that would create a warp-knitted base fabric that would include multiple, varying design patterns. One network of loops would have a different shape than the network of loops above and beside this network. The end result is a base fabric with a more compelling visual appeal than the basic warp-knit fabric, which is entirely uniform.

An illustrative fabric created by the process disclosed in the '476 Patent appears as follows:

**Illustration from '476 Patent**:



Each of the above loop blocks is a network or unit organization. As can be seen from the image, each of the loop blocks has a different size and internal loop shape as those around above, below, and adjacent.

The Patent Offices of both Korea and the United States granted patents for the above fabric. Claim 1 of the '476 Patent recites:

1. Warp knitting fabrics, comprising: a ground organization formed with warps knitted into a loop shape; and a pattern organization knitted on the ground organization, wherein the ground organization includes two or more unit designs continuously arranged in a transverse direction of the ground organization, each of the unit designs comprises two or more unit organizations arranged in a longitudinal direction of the ground organization, each of the unit organizations comprising a

specific loop shape of a network structure formed by a chain of a specific chain number group comprising an array of a plurality of chain numbers, and each of the unit organizations has a different loop shape of a network structure from each other.

Claim 2 depends from claim 1, and adds that each unit organization is created by knitting the loops of the same shape in the longitudinal direction:

2. The warp knitting fabrics according to claim 1, wherein each of the unit organizations is formed by consecutively knitting a plurality of loops having the same shape in the longitudinal direction.

Claim 3 depends from claim 1, and adds that the networks are knit by multiple guidebars with multiple groups in each chain:

3. The warp knitting fabrics according to claim 1, wherein, the unit organizations are knitted by at least two ground guidebars linked with the chain of the specific chain number group comprising the array of the plurality of chain numbers.

Claim 4 depends from claim 1, and adds the various differing shapes for the loops in each network:

4. The warp knitting fabrics according to claim 1, wherein the loop shape of the network structure is any one of a quandrangular shape, a diamond shape, a lozenge shape, and a hexagonal shape.

Claim 5 depends from claim 1, and adds that each is arrayed not directly adjacent to, but instead below or above, the block next to it:

5. The warp knitting fabrics according to claim 1, wherein the ground organization comprises at least two-row unit designs, and the unit organizations of any one unit design are arrayed in zigzag with the unit organizations of another unit design in the transverse direction.

Claim 6 depends from claim 1, and adds the side-by-side arrangement of the unit organizations:

6. The warp knitting fabrics according to claim 1, wherein the ground organization comprises at least two-row unit designs, and the unit organization of any one unit design are arrayed in parallel with the unit organizations of another unit design in the transverse direction.

Claim 7 depends from claim 1, and adds that each block of loops will be wider than the one next to it:

7. The warp knitting fabrics according to claim 1, wherein the ground organization comprises at least two-row unit designs, and the width of any one unit design is wider than that of another unit design adjacent to the one unit design in the transverse direction.

Claim 8 depends from claim 1, and adds that each block of loops will be longer than the one above it:

8. The warp knitting fabrics according to claim 1, wherein the length of one unit organization is longer than that of another unit organization adjacent to the one unit organization in the longitudinal direction.

Wongab seeks to protect the foregoing, which it created and which did not before appear in the market.

## II. LEGAL STANDARD FOR CLAIM CONSTRUCTION

"[W]ords of a claim are generally given their ordinary and customary meaning." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc) (internal quotations omitted). "[T]he ordinary and customary meaning of a claim term is the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention." *Id*. at 1313. "[T]he person of ordinary skill in the art is deemed to read the claim term not only in the context of the particular claim in which the disputed term appears, but in the context of the entire patent, including the specification." Id. "In some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges,

- 5 -

and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words." Id. at 1314. Where a claim term is not easily understood, Courts look to "the words of the claims themselves, the remainder of the specification, the prosecution history, and extrinsic evidence concerning relevant scientific principles, the meaning of technical terms, and the state of the art." Id.

### III. WONGAB'S CONSTRUCTIONS ARE PROPER

#### A. Plain and Ordinary Meaning Applies in Most Cases

For many of the terms used in the '476 Patent, the plain and ordinary meaning of the word suffices.

#### B. Definitions Given within the Specification.

A patent applicant is entitled to be its own lexicographer. "Consistent with that general principle, our cases recognize that the specification may reveal a special definition given to a claim term by the patentee that differs from the meaning it would otherwise possess. In such cases, the inventor's lexicography governs." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1316 (Fed. Cir. 2005), citing *CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1366 (Fed. Cir. 2002). And, "the specification may reveal an intentional disclaimer, or disavowal, of claim scope by the inventor. In that instance as well, the inventor has dictated the correct claim scope, and the inventor's intention, as expressed in the specification, is regarded as dispositive." *Id.*, citing *SciMed Life Sys., Inc. v. Advanced Cardiovascular Sys., Inc.*, 242 F.3d 1337, 1343–44 (Fed. Cir. 2001). Here, the specification defines the following four phrases: Unit chains, Chain number group, Unit organization, Unit design. See '476 Patent Column 3, line 60 – Column 4, line 13. And those definitions govern here.

### C. Analysis

Wongab's construction will be helpful to the finder of fact by resolving these legal disputes regarding claim scope, and should be adopted. "It is critical for trial courts to set forth an express construction of the material claim terms in dispute, in part because the claim construction becomes the basis of the jury instructions, should the case go to trial. It is also the necessary foundation of meaningful appellate review." *AFG Indus., Inc. v. Cardinal IG Co*., Inc., 239 F.3d 1239, 1247 (Fed. Cir. 2001) (internal citation omitted).

In connection with certain other phrases, the construction should follow the general canons of construction. Indeed, "[a] claim construction that gives meaning to all the terms of the claim is preferred over one that does not do so." *Agilent Techs., Inc. v. Affymetrix, Inc.,* 567 F.3d 1366, 1378 (Fed. Cir. 2009), citing *Merck & Co. v. Teva Pharms. USA, Inc.,* 395 F.3d 1364, 1372 (Fed. Cir. 2005).

To that end, the vast majority of the terms in the '476 Patent that are not explicitly defined therein need only be given their ordinary meaning. *Encap LLC v. Oldcastle Retail Inc*., No. 11–C–808, 2012 WL 2339095, at *9 (E.D. Wis. June 19, 2012) ("Claim construction is not intended to allow for needless substitution of more complicated language for terms easily understood by a lay jury.").

The '476 Patent recites a "plurality of chain numbers," which does not carry the same meaning as "every chain number." Instead, plurality is to mean "at least two." *ResQNet.com, Inc. v. Lansa, Inc*., 346 F.3d 1374, 1382 (Fed. Cir. 2003), citing *York Prods., Inc. v. Cent. Tractor Farm & Family Ctr*., 99 F.3d 1568, 1575 (Fed. Cir. 1996). Here, the '476 Patent should be read to indicate "at least two" chain numbers.

And to the extent Forever 21 attempts to imply that the specifications in the claims should limit the claims other than as explicitly defined within the specification, such an approach is improper. In *Intervet Inc. v. Merial Ltd*., 617 F.3d 1282 (Fed. Cir. 2010), the Court noted the role of the specification in claim

construction: "Construing the claims in light of the specification does not . . . imply that limitations discussed in the specification may be read into the claims. It is therefore important not to confuse exemplars or preferred embodiments in the specification that serve to teach and enable the invention with limitations that define the outer boundaries of claim scope." *Id*. at 1287.

The *Deering* case addressed a warp knit technology, and it found the following constructions to apply: When the loops are connected "solely in a vertical direction, the resulting fabric is known as [']a warp knit fabric.['] The resulting product under any of the different knit directions is known as [']ground construction.['] Other features may be added to the original ground construction, and these additions determine the final characteristics of the product." *Deering Milliken Research Corp. v. Beaunit Corp*., 538 F.2d 1022, 1024 (4th Cir. 1976). The same should apply here.

It is also true that: (1) one may not read a limitation into a claim from the written description; but (2) one may look to the description to define a term already in a claim limitation, for a claim must be read in view of the specification of which it is a part. *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1248 (Fed. Cir. 1998). Looking to the description would be proper here.

The preferred embodiment here is fabric, as set forth in the '476 Patent. *See Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, 616 F.3d 1283, 1290 (Fed. Cir. 2010) ("A claim construction that excludes the preferred embodiment 'is rarely, if ever, correct and would require highly persuasive evidentiary support.'" (quoting *Vitronics Corp. v. Conceptronic,* Inc., 90 F.3d 1576, 1583–84 (Fed. Cir. 1996))

And "a claim is not limited to the embodiments described in the specification unless the patentee has demonstrated a clear intention to limit the claim's scope with words or expressions of manifest exclusion or restriction." *i4i Ltd. P'ship v. Microsoft Corp*., 598 F.3d 831, 843 (Fed. Cir. 2010) (citation and internal quotations omitted).

The Federal Circuit, however, applies a "presumption that the same terms appearing in different portions of the claims should be given the same meaning unless it is clear from the specification and prosecution history that the terms have different meanings at different portions of the claims." *Paragon Solutions, L.L.C. v. Timex Corp.*, 566 F.3d 1075, 1087 (Fed. Cir. 2009), quoting *PODS, Inc. v. Porta Stor, Inc.,* 484 F.3d 1359, 1366 (Fed. Cir. 2007)).

We should also look to the specifications for definitions given the language and implications of the '476 Patent. *Trustees of Columbia Univ. in City of New York v. Symantec Corp.*, 811 F.3d 1359, 1364 (Fed. Cir. 2016) ("a claim term may be clearly redefined without an explicit statement of redefinition and even when guidance is not provided in explicit definitional format, the specification may define claim terms by implication such that the meaning may be found in or ascertained by a reading of the patent documents.") (citation and internal quotation marks omitted).

In light of the above, the proper constructions are as follows:

| Claim(s): | Term or Phrase: | Proposed Construction: |
| --- | --- | --- |
| '476 Patent | "unit chains" | "Assembling components that become minimum units in the assembling of a chain manufactured in various shapes by combining its length, height and gradient." Col. 3, lines 60-63. |
| 1, 3 | "chain number group" | "One group composed of a plurality of numbers |

| | | |
|---|---|---|
| | | obtained by consecutively arranging chain numbers of the unit chains." Col. 4, lines 3-5. |
| 1, 2, 3, 5, 6, 8 | "unit organization" | A ground organization having a network structure of a certain shape, formed by a plurality of unit chains assembled so that chain number groups are consecutively repeated. Col. 4, lines 6-9. |
| 1, 5, 6, 7 | "unit design" | "One design constituting one cycle by consecutively forming the plurality of unit organizations in the knitting direction (longitudinal direction)." Col. 4, lines 10-12. |
| 1 | "two or more unit designs continuously arranged in a transverse direction of the ground organization" | "Ground organization" here means the arrangement of the block of loops. |

| | | | |
|---|---|---|---|
| | | | The phrase states that two or more of the unit designs (see the definition of "unit design" above) are arranged side-by-side on the ground organization. |
| | 1, 5, 6, 7 | "transverse direction" | Across the knitting direction |
| | 1, 2, 8 | "longitudinal direction" | In the knitting direction |
| | 1, 4 | "network structure" | The connection of the unit organizations to one another. |
| | 1 | "loop shape" | Plain and ordinary meaning. |
| | 1 | "a specific loop shape of a network structure formed by a chain of a specific chain number group comprising an array of a plurality of chain numbers" | The shape of the loops in a loop block are formed by multiple chains. (See the definition of "chain number group" above.) |
| | 1 | "each of the unit organizations has a different loop shape of a network structure from | The loops of each loop block are different from the other adjacent loop blocks. |

- 11 -

PLAINTIFF'S OPENING CLAIM CONSTRUCTION BRIEF

| | | each other" | |
|---|---|---|---|
| | 3 | "wherein the unit organizations are knitted by at least two ground guidebars linked with the chain of the specific chain number group comprising the array of the plurality of chain numbers" | During manufacture, the loop blocks are connected to the ground threads by at least two guidebars that create more than one chain of loop blocks. |
| | 5, 6 | "wherein the ground organization comprises at least two-row unit designs" | There are at least two rows of unit designs. (See the definition of "unit design" above.) |
| | 5 | "the unit organizations of any one unit design are arrayed in zigzag with the unit organizations of another unit design in the transverse direction" | The loop blocks are offset from the loop blocks adjacent to each loop block.<br>(See the definitions of "unit design" and "unit organization" above). |
| | 6 | "the unit organizations of any one unit design are arrayed in parallel with the unit organizations of another unit design in the transverse direction" | The loop blocks are situated across from other loop blocks.<br>The unit designs are organized in parallel with those that are adjacent. |

- 12 -

| | | | |
|---|---|---|---|
| | | | (See the definitions of "unit design" and "unit organization" above). |
| | 7 | "the width of any one unit design is wider than that of another unit design adjacent to the one unit design in the transverse direction" | The width of a loop block is wider than the one next to it. (See the definition of "unit design" above). |
| | 8 | "the length of one unit organization is longer than that of another unit organization adjacent to the one unit organization in the longitudinal direction" | The length of a loop block is longer than the one above it. (See the definition of "unit organization" above). |
| | 1-8 | "warp knitting fabrics" | Fabrics knitted in an up-and-down motion as opposed to a side-to-side motion. |
| | 1 | "ground organization formed with warps knitted into a loop shape" | Fabric made of loops. |
| | 1 | "warps" | Loops. |
| | 1 | "pattern organization knitted on the ground organization wherein the | Multiple loop blocks knitted into the fabric. |

- 13 -

PLAINTIFF'S OPENING CLAIM CONSTRUCTION BRIEF

| | | |
|---|---|---|
| | ground organization includes two or more unit designs" | (See the definition of "unit design" above). |
| 1, 3 | "chain numbers" | Knitting needle location number, where the number corresponds to a point on the knitting mechanism. |
| 1 | "specific loop shape of a network structure formed by a chain of a specific chain number group comprising an array of a plurality of chain numbers" | Shape of a loop block created by multiple chains. |
| 3 | "at least two ground guidebars linked with the chain of the specific chain number group comprising the array of the plurality of chain numbers" | Here, the guidebars are linked to more than one chain number. (See the definition of "chain number group" above). |
| 5 | "the unit organization of any one unit design are arrayed in zigzag with the unit organizations of | Here, the unit designs are offset from those unit designs that are adjacent. |

- 14 -

PLAINTIFF'S OPENING CLAIM CONSTRUCTION BRIEF

| | | |
|---|---|---|
| | another unit design in the transverse direction" | (See the definitions of "unit design" and "unit organization" above). |
| 6 | "arrayed in parallel with unit the organizations of another unit design in the transverse direction." | Here, the unit design runs parallel to those that are adjacent. (See the definition of "unit design" above). |
| 5, 6, 7 | "at least two-row unit designs" | Here, there are at least two-row versions of the unit designs. (See the definition of "unit design" above). |
| 7 | "the width of any one unit design is wider than that of another unit design adjacent to the one unit design" | One unit design is wider than the one adjacent. (See the definition of "unit design above). |
| 8 | "the length of one unit organization is longer than that of another unit organization" | One unit design is longer than the other. (See the definitions of "unit organization" above). |

## IV. FOREVER 21'S CHALLENGES TO PATENT

To date, Forever 21 has not disclosed any theory as to why the '476 Patent should be invalidated or otherwise challenged.

Wongab will further respond after reviewing Forever 21's invalidity contentions and opening brief, and reserves the right to supplement and clarify the above at that time.

## V. CONCLUSION

In light of the above, it is respectfully requested that the Court adopt Plaintiff's constructions.

Respectfully submitted,

Dated: July 9, 2017   By:   */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
DONIGER /BURROUGHS
Attorneys for Plaintiff